HENRY E. BRYAN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Assault with intent to commit manslaughter is a crime in this State.

2. When a State's witness has proven adverse and has given testimony injurious to the State, she may be examined as to whether she had not previously made a statement contrary to the present adverse testimony, and if she denies making it, such statement may, after due predicate laid, be proven by other witnesses.

3. Objection to a question as leading can not be made for the first time in the appellate court.

4. A trial court may in its discretion permit the introduction of impeaching testimony out of the regular order as to time, and such discretion will not be controlled by an appellate court unless an abuse of such discretion appear.

5. Evidence examined and found sufficient to support the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Columbia County.

---

Bryan v. The State of Florida—Opinion of Court.

---

The facts in the case are stated in tne opinion of the Court.

*T. B. Oliver* and *A. J. Henry,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

COCKRELL, J.

Under an indictment for an assault with intent to commit murder, the defendant was convicted of an assault with intent to commit manslaughter and sentenced to the State prison for the period of five years.

The first contention is that there is no such offense, common law or statutory, as that of which he was convicted. Such contention is fully met and overthrown by the decision of this court in the case of Williams v. State, 41 Fla. 295, 26 South. Rep. 184, and we see no good reason for changing the views of the law as there expressed.

Another assignment challenges the action of the trial court in permitting the State Attorney to show that one of the State's witnesses had made a contradictory statement. The State had put upon the stand the defendant's wife who gave positive testimony in his favor, prejudicial to the State, and therefore adverse to the party calling her. The State Attorney testified that he was taken by surprise and that the witness had on a previous occasion made a different statement to him. The circumstances of the supposed statement, sufficient to designate the particular occasion, giving the time, place, persons present, and substance of the alleged

statement, were mentioned to the witness and she was asked if she made such statement. On her denial, two of the persons so named as present were called as witnesses by the State and testified she did make such statement. It further appeared that at the time of the original statement she and her husband were not on good terms. The evidence of these later witnesses can not be said to be substantive evidence to sustain the cause of the party who produced the impeached witness, but its purpose was to counteract the harmful effect of the adverse testimony of such witness. It is not a case of a mere failure to testify to facts that it was supposed she knew or that would have been beneficial, as was that of Adams v. State, 34 Fla. 185, 15 South. Rep. 905. The demeanor of the witness on the stand enters so largely into the determination of whether or not she be "adverse" in the meaning of the statute; that much discretion must be accorded the trial judge in such determination. Williams v. Dickenson, 28 Fla. 90, 9 South. Rep. 847.

It is objected here for the first time that the questions propounded to these later witnesses were leading. The objections come too late. See, also, Anthony v. State, 44 Fla. ...., 32 South. Rep. 818, and cases cited.

It is further objected that the impeaching testimony was improperly admitted, because the witness so sought to be impeached had been examined in chief, turned over to the defense and cross-examined before any predicate therefor was laid. It does not appear that there was any improper motive on the part of the State in this delay, nor that the defendant was deceived or injuriously affected thereby, and the discretion of the Circuit Court

Carr v. The Sta.e of Florida—Syllabus.

in admitting the testimony out of the regular order as to time does not appear to have been abused. Brown v State, 40 Fla. 459, 25 South. Rep. 63.

There was evidence which, if believed by the jury, was sufficient to support the verdict, and we do not feel authorized, therefore, to set it aside.

This disposes of all the assignments of error before us, and the judgment must be affirmed.