MAMIE BUNCH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. A verdict should be regarded from the standpoint of the jury's intention, and when this can be ascertained, if consistent with legal principles, such effect should be given to the findings, as will really conform to their intention. If a verdict is not sufficiently certain to clearly show what the jury intended, it will be fatally defective.

2. The verdict of the jury was in these words: "We the jury find the defendant, Mamie Bunch, guilty of assault with

*attempt* to murder in the second degree, so say we all;" held; that the word attempt carries with it the idea of *intent* in this verdict, and that the verdict is not fatally defective.

This case was decided by Division B.

Writ of Error to the Criminal Court of Record, Suwannee County.

The facts in the case are stated in the opinion of the court.

*L. E. Roberson,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

HOCKER, J.—Mamie Bunch, the plaintiff in error was informed against in the Criminal Court of Record of Suwannee County, the information charging that she and another, on the 14th of November, 1908, unlawfully assaulted one Lela Russel, from a premeditated design to kill and murder the latter. On the trial the jury found the following verdict, *viz.*: "We the jury find the defendant, Mamie Bunch guilty of assault with *attempt* to murder in the second degree, so say we all." There was a motion to arrest the judgment on the grounds,

1.  The verdict does not find this defendant guilty of any crime known to the criminal laws of the State of Florida.

2.  The verdict is so irregular upon its face as to be unintelligible, in its meaning and its findings.

This motion was overruled, and the plaintiff in error sentenced to two years in the penitentiary.

The only assignment of error is based on the action of the court in overruling this motion, and questions the sufficiency of this verdict.

In the case of Washington v. State, 55 Fla. 194, 46 South. Rep. 417, the general requisites of a verdict are stated. It is also stated that the verdict should be regarded from the standpoint of the jury's intention, and when this can be ascertained, if consistent with legal principles, such effect should be allowed to their findings as will really conform to their verdict. If the verdict is not sufficiently certain to clearly show what the jury intended, it will be fatally defective. Nickles v. State, 48 Fla. 46, 37 South. Rep. 312.

The contention here is that the use of the word "attempt" instead of the word "intent" vitiates the verdict, rendering it unintelligible and describing no crime. We do not think this contention should be sustained. To say that one *attempted* to commit a crime, carries with it the idea that there was intent to commit the crime.

In the case of Prince v. State, 35 Ala. 367, it is held: "Under an indictment for rape, a verdict finding the prisoner guilty of assault with *attempt* to commit a rape, is equivalent in substance and legal effect to a verdict of guilty of an assault with intent to commit a rape." To the like effect see Johnson v. State, 14 Ga. 55; Rookey v. State, 70 Conn. 104, 38 Atl. Rep. 911; Felker v. State, 54 Ark. 489, 16 S. W. Rep. 663, and authorities cited in these cases; 1 McClain's Crim Law, Section 222.

The judgment of the court below is affirmed.

TAYLOR and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.