Evans v. State—Syllabus.

---

WILL EVANS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 16, 1914.

1. It is clearly the right and duty of the court before the discharge of the jury to call their attention to a defective verdict and to give them an opportunity to return a proper verdict under the issues.

2. In a prosecution for assault with intent to commit murder, when the jury returns a verdict of "guilty of manslaughter,"

the court may instruct the jury further as to the law of the
case, and when after being so instructed the jury return a ver-
dict of "guilty of assault with intent to commit manslaugh-
ter," such proceeding is not erroneous.

Writ of error to Criminal Court of Record for Duval
County; Jas. M. Peeler, Judge.

Judgment affirmed.

*Farris, Myerson & Liddell,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,*
Assistant, for the State.

WHITFIELD, J.—Will Evans was charged with assault
with intent to commit murder, and was convicted of as-
sault with intent to commit manslaughter. The only con-
tention here is that the trial court, having received and re-
corded a verdict of "guilty of manslaughter," a corrected
verdict of "guilty of assault with intent to commit man-
slaughter" was unauthorized. The bill of exceptions con-
tains the following:

"The jury retired and returned a verdict of, 'We the
jury find the defendant guilty of manslaughter. So say
we all. R. L. Hay, Foreman.' This verdict was handed
by the foreman to the Clerk of the Court, who handed it
to the judge, who, after reading the verdict, said, 'Hearken
to your verdict as recorded by the court,' and passed it
to the Clerk who read, 'We, the jury, find defendant guilty
of.' He did not conclude, but handed the verdict back
to the court who instructed the jury to return to the jury
box and he would instruct them again as to the law in
the case. Counsel for the defense objected to this on the
ground that the jury had returned a verdict and it had

been recorded by the court and the jury could not be charged over again, which objection was overruled and exception noted. The said judge did again deliver his opinion and give his charge to the jury upon the law in the case, and the said jury did then and there give their verdict as follows, to-wit: 'Jacksonville, Florida, Nov. 1, 1913. We, the jury, find the defendant guilty of assault with intent to commit manslaughter. So say we all. R. L. Hay, Foreman.' "

It was clearly the right and duty of the court before the discharge of the jury, to call their attention to the defective verdict and to give them an opportunity to return a proper verdict under the issues. This was done, as shown by the bill of exceptions. It is manifest that the defective verdict was not recorded, if that was material here.

The verdict is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, AND HOCKER, J. J., concur.

COCKRELL, J., absent by reason of illness in his family.