BALL BROTHERS, *Plaintiffs in Error*, v. SAM HOLLAND, *Defendant in Error*.

## Opinion Filed August 13, 1918.

1. A motion in arrest of judgment must be based upon matters appearing on the face of the record.

2. Motions in arrest of judgment arise from *intrinsic* causes appearing upon the fact of the record, and must be founded upon such matter as would, upon demurrer, have been sufficient to overthrow the action or plea.

3. A motion in arrest of judgment, where the verdict and judgment are in favor of the plaintiff, will not be granted if the declaration on its face shows a valid cause of action and is not demurrable.

4. Where a praecipe for summons is filed and summons is issued thereon to three persons and served on two of them returnable to April rule day on which day the two enter an appearance, and the declaration in assumpsit is not filed till August, but default judgment for failure to plead is entered, subsequent to which time during a term of the Circuit Court, the amount due was ascertained by a Jury and judgment rendered thereon, a motion in arrest of judgment is properly denied.

Writ of Error to Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment affirmed.

*Thos. E. Walker*, for Plaintiffs in Error;

*J. H. Finch*, for Defendant in Error.

WHITFIELD, J.—On March 23rd, 1916, Holland, by counsel, filed a praecipe for summons against Wesley Ball and George Ball, Jr., individually and as partners as Ball Brothers, and against W. O. Butler, Jr., returnable to the rule day of April. Service was made March 24th on Wesley Ball and George Ball, Jr. On April 3rd an appearance was entered for Ball Brothers. On August 5th a declaration containing common counts in assumpsit was filed wherein Wesley Ball and George Ball, Jr., individually and as partners were made defendants. On September 4th a default judgment for failure to plead was entered by the clerk against Wesley Ball and George Ball as partners and as individuals. At a term of court subsequently held, the amount due was ascertained by a jury and judgment rendered therefor. Defendants moved in arrest of judgment on the following grounds:

1st.

"Because the declaration filed in the above entitled cause was not filed within the time required by law.

2nd.

"Because said declaration was filed after more than two rule days had elapsed from the return day of the writ without the knowledge or consent of the defendants or by leave of the court first had and obtained.

3rd.

"Because the plaintiff was without authority of law to file his declaration when he did without due and legal notice in writing served upon these defendants, together

with proof of same and an order of the court authorizing said declaration to be filed.

#### 4th.

"Because plaintiff amended his pleadings without notice of any kind to these defendants.

#### 5th.

"Because the pleadings in said cause connects W. O. Butler, Jr., as a co-defendant and he was dismissed from said cause to the prejudice of these defendants without authority of law."

This motion in arrest was denied and the defendants took writ of error and assigned the denial of the motion in arrest of judgment as error.

A motion in arrest of judgment must be based upon matters appearing on the face of the record.

Motions in arrest of judgment arise from *intrinsic* causes appearing upon the face of the record, and must be founded upon such matter as would, upon demurrer, have been sufficient to overthrow the action or plea. Sedgwick v. Dawkins, 18 Fla. 335.

A motion in arrest of judgment, where the verdict and judgment are in favor of the plaintiff, will not be granted if the declaration on its face shows a valid cause of action and is not demurrable. Hyer v. Vaughn, 18 Fla. 647; Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782.

Section 1417, General Statutes of 1906, is as follows:

"The plaintiff shall file his declaration on or before the rule day to which the process is made returnable, or

on or before the next succeeding rule day, unless further time be allowed by the court."

Rule 13 of the Circuit Court Rules is as follows:

"All declarations shall be filed on or before the rule day to which the process is made returnable. If not thus filed no default for want of appearance shall be entered. If the declaration is not filed on the next succeeding rule day thereafter the case shall stand dismissed at the cost of the plaintiff, and the clerk shall enter an order accordingly. If it is filed upon or before that day, the defendant shall be held to enter his appearance upon that day, and the cause shall proceed in all respects as if that had been the original day for the return of the process. Crawley's Compiled Rules of Practice 1915, p. 8, 14 Fla. p. 10.

. This rule makes it the duty of the clerk to enter an order dismissing the case upon failure of the plaintiff to file his declaration on or before the rule day next succeeding the rule day to which the process is made returnable and served. See Poppell v. Culpepper, 56 Fla. 515, 47 South. Rep. 351. The former rule is discussed in Cook v. Cook, 18 Fla. 634. But a motion in arrest of judgment goes to the legal sufficiency of the pleadings to sustain the finding made, and not to defaults in filing pleadings.

*Non constat* the time for filing the declaration was extended by the court. The defendants were duly served with summons, and if the declaration was not duly filed, the defendants had their remedy. The record proper does not affirmatively show that there was no authority to file the declaration when it was filed. There being common counts in the declaration, and due service of summons with default judgment for failing to plead, and a finding by a jury followed by a judgment of the Circuit

Court on the declaration and the finding, the motion in arrest of judgment was properly overruled.

Judgment affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.