A. E. LEWIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed January 19, 1924.

This case was decided by Division A.

1. An objection to any pleading that it is "vague, indefinite and uncertain" without specifying in what particular its vagueness or indefiniteness consists is too general and inexact to constitute the basis of an assignment of error.

2. In the prosecution of an indictment for procuring or inducing to come into this State or to leave her home or other place where she may be residing in this State any woman or girl for purposes of prostitution or concubinage under Section 5413, Revised General Statutes, after verdict of guilty a motion in arrest of judgment will not be sustained which is based upon the objection that the indictment does not specify the State or the county or city from which the woman was induced to move for the purposes alleged.

3. The gravamen of the offense denounced by Section 5413, Revised General Statutes, is the enticing a woman from her place of residence to engage in immoral practices such as prostitution or concubinage in this State.

4. A motion in arrest of judgment reaches only errors appearing upon the record.

5. When evidence of contradictory statements is sought to be introduced in impeachment of the testimony of a witness, the attention of the witness sought to be impeached should be called to the time and place of such alleged different statements as well as the person or persons to whom made so that he may not be taken by surprise and ample opportunity afforded him to refresh his memory and make intelligent answers and to offer such explanations as he may desire.

6. Evidence examined and found insufficient to support the verdict.

A Writ of Error to the Criminal Court of Record for Dade County; Tom Norfleet, Judge.

Judgment reversed.

*Bart A. Riley,* for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for the State.

ELLIS, J.—The plaintiff in error was convicted upon an information charging him in the first count with the offense of enticing a female person to come into the State for purposes of prostitution, concubinage and other immoral purposes, and in the second count for enticing the same person to leave the place where she was residing in Florida for such purposes.

The person whom it is alleged was induced to come into the State for immoral purposes and who was afterwards induced to leave her place of residence in this State for such purposes, was a girl about eighteen years of age who had married and had parted from her husband, whose name was Hudson. She came from Atlanta, Georgia, with the defendant, the plaintiff in error here, and his wife and a man named Fain. · Arriving in Jacksonville they went to the same hotel, Fain and the young woman registering as husband and wife and occupying the same room.

According to the testimony of the defendant and the Hudson woman, the latter and Fain occupied the same room as husband and wife for two weeks, Fain paying the hotel expenses of himself and pseudo wife, and ac-

cording to the defendant he and his wife left that hotel and afterwards met Mr. and Mrs. Murphy with whom about two months afterwards they came to Miami in the Murphy automobile. The Hudson woman going with them as she stated on the defendant's invitation, which the defendant denied. Arriving in Miami the five of them stopped at a tourist camp with the Murphys; the defendant and his wife remained there one week and then moved, again leaving the Hudson woman.

The statute under which the information was framed is Section 5413, Revised General Statutes of Florida, 1920, and is as follows: "Whoever shall induce, entice or procure to come into this State or to leave her home or other place where she may be residing in this State, any woman or girl for the purpose of prostitution or concubinage or for other immoral purposes, or to enter any house of prostitution in this State, shall upon conviction be imprisoned in the State penitentiary for a period of not more than five years, or be fined not exceeding one thousand dollars, or shall be both so fined or imprisoned."

The eighth assignment of error attacks the information as insufficient: The questions were raised by a motion in arrest of judgment. The one discussed in the brief is that the information does not in the first count name the State from which the "defendant enticed the girl to come into" Florida; as to the second count it is contended that it does not charge the "offense with sufficient definiteness." We infer from the brief that the indefiniteness consists in a failure to name the place of residence of the young woman in this State from which she was alleged to have been enticed for immoral purposes. The objection to the first count is raised by the ninth ground of the motion, while the objection to the second count was pre-

sented in the fifth ground, which avers that each count of the information is vague, indefinite and uncertain.

The latter ground is too general. A pleading which is attacked by such general language is permitted to stand over the objection which is considered too inexact to form the basis of any discussion. It is the rule to state specifically in the motion the ground of the objection and if the indictment does not wholly fail to allege a crime or an essential element of a crime, but sufficiently states the nature and cause of the accusation against the defendant, and is not so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense such indictment will not on a motion in arrest of judgment after verdict be held legally insufficient to sustain a conviction. See Smith v. State, 72 Fla. 449, 73 South. Rep. 354; Adams v. State, 72 Fla. 32, 72 South. Rep. 473; Clifton v. State, 76 Fla. 244, 79 South. Rep. 707; Studstill v. State, 83 Fla. 623, 92 South. Rep. 151. However, counsel contend that the failure to name the county in which the defendant enticed the woman to leave her residence renders the second count fatally defective, and the failure in the first count to name the State from which he enticed her to come for the purposes alleged renders that count defective. That contention can not be sustained upon a motion in arrest of judgment because it is not an essential element of the offense charged in either count that the woman should have been enticed to come from any particular State or county in this State. The gravamen of the offense is enticing a woman from her place of residence to engage in immoral practices such as prostitution or concubinage in this State. That the woman may be brought from another State, or from one

county to another in this State, is a mere incident in no wise affecting the character of the crime. It would be more in accordance with good pleading perhaps to specifically allege the State or county from which the woman was induced to come, or if the offense was committed entirely in one county or city to allege the place of residence by number of street, or such other designation as might be deemed sufficient, and a failure to do so might be the subject of demurrer; but it cannot be the basis of an objection presented by a motion in arrest of judgment. See Barber v. State, 52 Fla. 5, 42 South. Rep. 86; Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Disney v. State, 72 Fla. 492, 73 South. Rep. 598.

The offense charged in the information and denounced by the statute is in its nature similar to that of living in a state of adultery in that it is a continuing offense, and one act of fornication would not constitute concubinage.

Counsel for plaintiff in error cite many decisions of this court in support of his motion, but we do not consider them to be analagous. In the case of Connor v. State, 29 Fla. 455, 10 South. Rep. 891, where it was held that the information was insufficient, the question was presented by a motion to quash. The defendant was charged with obtaining money under false pretenses. It was held that the place of the receipt of the money was the locality of the jurisdiction and the information should have alleged the place where it was received.

The information in this case is not defective in the failure to allege the place from which the defendant enticed the woman. The language is as follows: "Albert E. Lewis, laborer, late of the County of Dade and State of Florida on the 26th day of December, in the year of our Lord one thousand nine hundred and twenty-two, in the county and State aforesaid, did then and there induce,

entice and procure to leave her home and other place
where she was then and there residing in the State of
Florida, a certain girl,'' etc. In this information the
defendant was called upon to defend the charge of induc-
ing the woman to leave her place of residence in Dade
County to engage in the immoral practices charged.

Counsel resort to the evidence adduced in aid of his
motion. That is not permissible as the motion in arrest
of judgment reaches only errors appearing upon the
record. See Clifton v. State, *supra.*

In the case of Reyes v. State, 34 Fla. 181, 15 South.
Rep. 875, the indictment was held to be bad because the
indictment wholly failed to set out in words or give any
description of the paper which was alleged to contain
obscene language. The court holding that in a case where
the indictment charges one with the offense of printing
pamphlets and papers containing obscene language the in-
dictment should recite the circumstances constituting the
definition of the offense.

In the McKinnie case, 44 Fla. 143, 32 South. Rep. 786,
the court held that the motion for a new trial should have
been granted because proof of the venue did not conform
to the allegations of the indictment. In the case of Elliott
v. State, 77 Fla. 611, 82 South. Rep. 139, the court held
that an instruction requested by the defendant Russell
relating to proof of the venue as to his complicity in the
alleged crime should have been given.

Assignment of error numbered nine rests upon the
action of the court in overruling an objection by defend-
ant to a question propounded by the State Attorney to
the State witness Mrs. Murphy. The question was as
follows: ''Did Mrs. Lewis tell you that her husband had
been in the habit of sending her and the Hudson girl out
in Jacksonville for hustling purposes?'' The objection

was made that the question called for hearsay testimony prejudicial to the defendant. The objection was overruled and the witness answered in the affirmative. This ruling was erroneous and harmful. The question was doubtless intended to elicit information in impeachment of the witness Mrs. Lewis, who had previously testified for the defendant that the Hudson woman's statement that she and Mrs. Lewis were sent out by the defendant to solicit men for money was untrue, but the method adopted was not in conformity to the rule. See Horne v. Carter's Admrs., 20 Fla. 45; Brown v. State, 46 Fla. 159, 35 South. Rep. 82; Bennett v. State, 66 Fla. 369, 63 South. Rep. 842; Morasso v. State, 74 Fla. 269, 76 South. Rep. 777; Adams v. State, 54 Fla. 1, 45 South. Rep. 494.

The verdict in this case was against the defendant on both counts of the information.

The motion for a new trial questioned the sufficiency of the evidence to support the verdict, and this question is presented in the twelfth, thirteenth and fourteenth assignments of error.

An examination of the evidence convinces us that it is wholly insufficient to support the verdict on the second count, because there is no evidence whatsoever to establish the allegation that the defendant induced or procured the Hudson woman to leave "her home and other place where she was then and there residing" in Dade County, Florida, for immoral purposes.

As to the first count the admissions of the woman were to the effect that she had already left her home in Georgia where she met the defendant, his wife and Fain, and that she came to Florida with Fain as his wife and lived with him, two weeks in the City of Jacksonville as his concubine. Whatever relations existed between the defendant and the woman after the termination of her illicit

relation with Fain does not appertain to their first meeting in Atlanta and their journey to this State.

So the judgment is reversed.

TAYLOR, C. J., AND BROWNE, J., concur.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., concur in the opinion.