ISAAC FRENCH, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed December 4, 1928.

*W. T. Bloodworth,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant Attorney General, for the Defendant in Error.

PER CURIAM.—In a criminal prosecution the verdict should be responsive to the issues involved; and when the offense charged consists of distinct elements, as of an act committed with a specific intent, a verdict that is not general, as that the defendant is guilty as charged, but specifically finds the defendant guilty of the act and does not mention the element of intent that is essential to a conviction for the offense charged, and does not make an equivalent finding, the verdict may be legally insufficient to sustain a judgment of conviction, and a jugment rendered thereon as for the offense charged may be reversed even though the legality of the verdict is not specifically challenged by motion in arrest of judgment or by motion for new trial. This might not be the rule when a lesser offense is included in the offense charged and the verdict and judgment are sufficient as to the lesser offense. A verdict finding a defendant "guilty of an assault and attempt to murder in second degree," is not in express specific terms responsive to a charge of assault "with a premeditated design and intent" to "kill and murder"; but the words "an attempt to murder," as used in the verdict are sufficient to show a finding of an assault "with intent" etc., since an attempt to murder includes an intent to murder; and the verdict considered in connection with the charge as made sufficiently shows a finding that

responds to the charge. Bunch v. State of Florida, 58 Fla. 9.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

STRUM AND BROWN, J. J., concur in the opinion and judgment.

ELLIS, C. J., not participating.