Eddie Devoe v. A. C. Tucker, as Superintendent, Duval County Prison Farm.

152 So. 624.
Opinion Filed January 23, 1934.

*R. B. Moseley* and *Frank T. Cannon,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

Brown, J.—Petitioner was informed against in the Criminal Court of Record for Duval County for the crime of

assault with the intent to murder. Upon being arraigned he pleaded not guilty. Later he withdrew this plea and entered a plea of guilty to the offense of assault with the intent to commit manslaughter. The court adjudged him to be guilty of said offense and imposed a sentence of one year at hard labor in the Duval County jail, of which sentence the petitioner has now served more than six months.

Petitioner seeks his release by writ of habeas corpus upon the theory that he could not lawfully have been sentenced to the county jail for said offense for more than six months.

There is such a crime as "assault with intent to commit manslaughter" in this State. This necessarily results from Section 7165, C. G. L. of 1927, which provides that:

"Whoever commits an assault on another, with intent to commit any felony punishable with death or imprisonment for life, shall be punished by imprisonment in the State prison not exceeding twenty years. An assault with intent to commit any other felony shall be punished to an extent not exceeding one-half the punishment which could have been inflicted had the crime been committed." Sherman v. State, 17 Fla. 888; Williams v. State, 41 Fla. 295, 26 So. 184; Bryan v. State, 54 Fla. 8, 34 So. 243. In Williams v. State, *supra,* in commenting on this statute, this Court said:

"The statute under consideration is clearly broad enough to include any felony, and manslaughter is a felony. But upon indictments for assault with intent to commit any of the grades or degrees of unlawful homicide, it will not be sufficient to show that the killing, had it occurred, would have been unlawful and a felony, but it must be found that the accused committed the assault with intent to take life, for although an unintentional or involuntary killing may in some cases be unlawful and a felony, no man can intentionally do an unintentional act; and without the intent the

assault can not be punished under this statute, even though the killing, had it been committed, would have amounted to a felony."

It appears from a reading of the opinion just quoted from that this section first appeared in our statutes as Section 2403 of the Revised General Statutes of 1892.

Section 7141, C. G. L. of 1927, defines manslaughter, and provides that such crime be punished "by imprisonment in the State prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars."

It follows, therefore, that when the Criminal Court of Record imposed sentence upon the petitioner for the crime of assault with intent to commit manslaughter, such court had no authority under Section 7165, C. G. L., to impose a jail sentence exceeding one-half the punishment by jail sentence which could have been inflicted had the crime been committed. Thus, if the crime of manslaughter had been committed by the petitioner, the jail sentence under Section 7141, C. G. L., could not have exceeded one year, and therefore a jail sentence for assault with intent to commit manslaughter could not, under Section 7165, C. G. L., exceed one-half the punishment which could have been inflicted had the crime been committed; that is, such jail sentence could not lawfully exceed one-half year or six months. See State, *ex rel.* Brown v. Mayo, *et al.,* decided at the present term.

Therefore, the sentence imposed upon the petitioner was in excess of that authorized by law for this offense, and inasmuch as the petitioner has already served more than six months of the jail sentence which was imposed, it would be an idle ceremony and serve no useful purpose to remand the petitioner to the Criminal Court of Record of Duval

County for the imposition of a new sentence. The trial court had jurisdiction to impose a jail sentence of six months, but that part of the sentence beyond six months was excessive, illegal and void. In these circumstances, the petitioner is now illegally detained and is now entitled to an order discharging him from further custody. Hepburn v. Chapman, 149 So. 196; 29 C. J. 58-60; *In re* Fanton, 55 Neb. 703, 706, 76 N. W. 447; Harlan v. McGowrin, 218 U. S. 442, 54 Law Ed. 1101.

As appears from the foregoing statute, one found guilty of the crime of manslaughter could be sentenced to the State prison for a period not exceeding twenty years, or imprisonment in the county jail not exceeding one year. And under Section 7165, one found guilty of assault with intent to commit manslaughter may, if sentenced to the penitentiary, be sentenced for a period not exceeding ten years in the penitentiary. But in this case the trial court deemed it fit and proper to impose a jail sentence for assault with intent to commit manslaughter, and, having so elected, under said section, as above shown, he should not have sentenced the petitioner to more than six months in the county jail.

It is quite probable that the trial judge deemed that the sentence which he imposed was authorized by Section 7544, C. G. L., which reads in part as follows:

"Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same, *when no express provision is made by law for the punishment of such attempt,* shall be punished as follows: (Italics supplied.)

"2. If the offense attempted to be committed is punishable by imprisonment in the State prison for life, or for

five years or more, the person convicted of such attempt shall be punished by imprisonment in the State prison not exceeding five years, or in the county jail not exceeding one year."

But the petitioner was not charged with an "attempt" to commit manslaughter. On the contrary, he pleaded guilty to and was adjudicated guilty of, the offense of assault with the intent to commit manslaughter, which is made a substantive and definite offense by Section 7165, C. G. L., as is recognized by our former decisions, and "express provision is made by law" for its punishment.

There is a distinction between an "attempt" to commit an offense under Section 7544, and an "assault with the intent to commit" such offense. While there is considerable similarity between the two offenses, they are not in all respects the same, as will be seen by a study of the authorities. See 5 C. J., 721, *et seq.;* 6 C. J. 549-550; 30 C. J. 12, 15, *et seq.* Our Legislature has recognized this by enacting two separate statutes, one, Section 7544, C. G. L., dealing with "attempts" to commit *any offense* prohibited by law, "when no express provision is made by law for the punishment" of such offense, which section comes down to us from Chapter 1637 of the Acts of 1868, and the other statute, Section 7165, C. G. L., which first appears in the Revised Statutes of 1892, and which deals expressly with *assaults* with the intent to commit *any felony*. It may be that in some cases the conduct of the accused would constitute a violation of both these statutes, while in other cases this would not be true. Furthermore, the statute dealing with attempts had been on our statute books for many years when the statute dealing with assaults with intent to commit felonies was adopted, and to hold that the two deal with the identical offense would be to impute to the Legislature the enactment

of a useless and unnecessary statute. That the two statutes must each have its own field of operation is further indicated by the fact that they have been brought down in separate and distinct sections and in separate and distinct chapters, in the various codifications, revisions and compilations of our general statutes from the Revised Statutes of 1892 down to the present time.

For the reasons pointed out, the petitioner must be discharged from custody.

It is so ordered.

Davis, C. J., and Whitfield and Terrell, J. J., concur.

Buford, J., dissents.

Buford, J. (dissenting).—In this case I concur in the statements of the law as contained in the opinion prepared by Mr. Justice Brown, but I do not agree that the petitioner should be discharged.

The record shows that the petitioner was in due course and in proper proceedings adjudged guilty of the crime of assault with intent to commit manslaughter. The sentence imposed under that judgment was not authorized by law and was, therefore, void. The fact that the petitioner has served a part of the sentence imposed does not validate the sentence, though the fact that he has served a part of the sentence should, and undoubtedly would, be taken into consideration by the trial court if called upon to impose a lawful sentence.

For these reasons, I think the petitioner should be remanded to the custody of the sheriff of Duval County to be presented at the bar of the court in which the conviction was had at the next regular, or special, term thereof to receive the sentence of the court under the judgment of conviction heretofore recorded.