### BONNIE VOGEL v. STATE.

168 So. 539.

Opinion Filed May 28, 1936.

*Van C. Swearingen* and *I. J. A. Renno,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

BUFORD, J.—The writ of error brings for review a judgment entered in the Criminal Court of Record of Dade County, Florida.

The question which must be determined here is whether or not the verdict returned by the jury was sufficient to sustain the judgment.

It is contended that as no advantage was sought to be taken of the verdict when it was returned and no exception noted, the plaintiff in error cannot take advantage of the verdict now. This contention is not tenable because there was no reason for the defendant to object to the verdict. The verdict on its face was not such as would sustain judgment of conviction of the offense charged.

The defendant should have been entirely satisfied with the verdict though objecting to the validity of any judgment adverse to her entered upon it.

It is well settled in this jurisdiction that:

"While, generally speaking, the consideration of the appellate court will be confined to the errors assigned and argued by the plaintiff in error; yet, to this rule there are certain exceptions. Where a jurisdiction or other fundamental error of law is apparent on the face of the record itself, such error may be considered by the appellate court, though it is not assigned. Demeter Land Co. v. Florida Public Service Corp., 99 Fla. 954, 128 So. 402; Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; Parker v. Dekle, 46 Fla. 452, 35 So. 4; East Coast Stores v. Cuthbert, 101 Fla. 25, 133 So. 863; Bynum v. State, 76 Fla. 618, 80 So. 572; White v. Crandall (Fla.) 137 So. 272; Gunn v. State, 78

Fla. 599, 83 So. 511; O'Steen v. State, 92 Fla. 1066, 1075, 111 So. 725; Gober v. Braddock, 100 Fla. 1406, 131 So. 407."

It is contended here that:

"The language of the verdict means that the accused was guilty of endeavoring to do manslaughter; that is, she attempted, or as was said in Bunch v. State, *supra,* 'intended' to do manslaughter. That is to say she was guilty of an effort to do or commit manslaughter."

The first sentence is clearly a correct statement and this statement brings the verdict clearly within the purview of, and shows it was a finding of guilty only of the offense denounced by Sec. 5403 R. G. S., 7544 C. G. L. But the reasoning reflected by the last sentence is not justified by the language of the verdict.

In the case of Bunch v. State, 58 Fla. 9, 50 So 534, the verdict was:

"We, the jury, find the defendant, Mamie Bunch, guilty of assault with attempt to murder in the second degree. So say we all."

And it was held that the word "attempt" carries with it the idea of *intent* in that verdict. But there the jury found the defendant guilty of the assault which is a finding material to the offense of assault with intent to commit unlawful homicide.

Sec. 5403 R. G. S., 7544 C. G. L., provides, amongst other things:

"Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration, or is intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:

"1. If the offense attempted to be committed is punishable with death, the person convicted to such attempt shall be punished by imprisonment in the state prison not exceeding ten years.

"2. If the offense attempted to be committed is punishable by imprisonment in the State prison for life, or for five years or more, the person convicted of such attempt shall be punished by imprisonment in the state prison not exceeding five years, or in the county jail not exceeding one year."

So it is that one who is convicted of an attempt to commit manslaughter which comes within the purview of this section may be punished by imprisonment in the state prison not exceeding five years. The judgment in this case imposed upon the defendant a sentence of ten years. The judgment in this case did not follow the verdict. The verdict was:

"We, the jury, find the defendant, Bonnie Vogel, guilty of attempted manslaughter, with the recommendation of mercy. So say we all."

While the judgment was: "It appearing unto this Court that you, Bonnie Vogel, have been regularly tried and convicted of Assault with Intent to Commit Manslaughter,

"IT IS THEREFORE THE JUDGMENT of the Law and it is hereby adjudged that you are and stand guilty of said offense.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that you be imprisoned by confinement at hard labor in the State PENITENTIARY for a term of ten (10) years.

"DONE AND ORDERED in open Court at Miami, Dade County, Florida, this 5th day of June, A. D. 1935."

As there was no conviction by plea of guilty, or by verdict of jury, of the offense of *assault with intent* to commit

manslaughter, but merely a conviction which, at most, could be considered as of simple *attempt* to commit manslaughter, the record on its face shows that there has been no conviction which will sustain the judgment.. To make our meaning clear, let us suppose a case like this:

"A" is about to perpetrate an assault upon "B" which, if perpetrated, would constitute an assault with intent to commit manslaughter, but, before "A" can actually make the assault which he is then ready, willing, able and intends to make, he is stopped by "C" who overcomes "A" and prevents any assault being made. "A" is guilty of *attempted* assault, but not guilty of assault at all. Yet, he has committed the substantive offense denounced by Section 5403 R. G. S., 7544 C. G. L. See DeVoe v. Tucker, 113 Fla. 805, 152 So. 624. The defective verdict should not have been accepted from the jury.

The judgment should be reversed.

So ordered.

Reversed.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL, J., dissent.

ELLIS, P. J. (dissenting).—The principal question presented in this case is whether the verdict is sufficiently certain to sustain the judgment.

The plaintiff in error, Bonnie Vogel, was informed against in the Criminal Court of Record for Dade County, upon the charge of feloniously assaulting Clayton Vogel from a premeditated design to effect his death. The offense was alleged to have been committed in April, 1935, in Dade County.

The accused was tried in June, 1935, and the jury returned a verdict in the following words: "We, the jury, find the Defendant Bonnie Vogel Guilty of attempted

Manslaughter, with the recommendation of · mercy. So say we all." It was signed by the foreman. Judgment of conviction was entered, and sentence of imprisonment by confinement at hard labor in the State "Penitentiary" for a term of ten years was imposed.

The brief for plaintiff in error undertakes to present the point, but the record does not disclose that any question was raised as to the form or substance of the verdict before the trial court.

An attempt in a motion for a new trial was made to attack the verdict. The grounds alleged were that the verdict stated no offense under the law; that it was unintelligible so that one "could not determine the extent or effect of said verdict against the Defendant."

An oral motion in arrest of judgment was made according to a recitation of the fact contained in the record proper. The bill of exceptions states that counsel for the accused moved in arrest of judgment "on the ground that the information was not read to the jury, and that evidence was submitted that the jury should not consider in this case." It appears that both motions were overruled.

If there is any defect in the verdict it is a matter which appears on the face of the record and should have been attacked by a motion in arrest of judgment. See Ball Bros. v. Holland, 76 Fla. 268, 79 South. Rep. 635; Lewis v. State, 87 Fla. 37, 98 South. Rep. 917; Henderson v. State, 55 Fla. 36, 46 South. Rep. 151; Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 South. Rep. 848; Golding v. State, 31 Fla. 262, 12 South. Rep. 525; Lake v. State, 100 Fla. 373, 129 South. Rep. 827; Ephriam v. State, 82 Fla. 93, 89 South. Rep. 344; Taylor v. State, 88 Fla. 555, 102 South. Rep. 884; Sawyer v. State, 94 Fla. 60, 113 South. Rep. 736.

Such motions are made after verdict and before judgment but they are not favored. When a verdict is defective on its face a motion in arrest of judgment is the proper method of attack. See Harris v. State, 53 Fla. 37, 43 South. Rep. 311.

The verdict, however, must be so defective as a matter of record that judgment cannot be legally entered thereon. Harris v. State, *supra*.

If the verdict finds an accused person guilty of an offense not charged, or included in the charge made in the information or indictment, the motion in arrest of judgment should be granted. Hogan v. State, 42 Fla. 562, 28 South. Rep. 763.

No attack having been made upon the verdict by a motion in arrest of judgment but only through the medium of a motion for a new trial, which is the means by which some matter *in pais* is relied upon to show the error and which must be exhibited by a bill of exceptions, the point must be considered waived unless indeed the verdict is a *brutum fulmen,* an empty sound, a senseless, meaningless thing which signifies nothing.

In the case of Hogan v. State, *supra,* the Court held that the jury by their verdict found the defendants guilty of an offense not charged. It was then pointed out that the indictment was defective in failing to allege that the defendants committed the assault with the intent to commit the felony. The offense which was intended to be charged was assault with intent to commit murder.

The allegations of the information in this case are sufficient. So the question is whether the verdict is so vague, uncertain or ambiguous as to render the court incapable of giving judgment upon it. The verdict should be certain, import a definite meaning; should show what the jury in-

tended. Bryant v. State, 34 Fla. 291, 16 Sou. Rep. 177; Sawyer v. State, 94 Fla. 60, 113 South. Rep. 736; Washington v. State, 55 Fla. 194, 46 South. 417; Licata v. State, 81 Fla. 649, 88 South. Rep. 621; Richardson v. State, 72 Fla. 154, 72 South. Rep. 665; Long v. State, 42 Fla. 612, 28 South. Rep. 855; Morris v. State, 54 Fla. 80, 45 South. Rep. 456, 14 Ann. Cas. 285; Bunch v. State, 58 Fla. 9, 50 South. Rep. 534, 138 Am. St. Rep. 91; Yarborough v. State, 94 Fla. 143, 114 South. Rep. 237.

Any words that convey beyond a reasonable doubt the jury's meaning are sufficient. See Licata v. State, *supra;* O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Niblack v. State, 70 Fla. 227, 70 South. Rep. 415; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410, 89 Am. St. Rep. 237; Long v. State, *supra;* Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Morris v. State, *supra;* Blackwell v State, 101 Fla. 997, 132 South. Rep. 468.

The language of the verdict is "Guilty of attempted Manslaughter." The charge was assault from a premeditated design to effect the death of a human being. Assault to commit murder is also a felony. See Sec. 7165, C. G. L. 1927.

Assault with intent to commit manslaughter is a crime in this State. Bryan v. State, 45 Fla. 8, 34 South. Rep. 243; Johnson v. State, 53 Fla. 45, 43 South. Rep. 779; Feagle v. State, 55 Fla. 13, 46 South. Rep. 182.

A person guilty of such an offense may be convicted and punished under Section 7165, *supra.* Williams v. State, 41 Fla. 295, 26 South. Rep. 184.

So under the information the accused could be convicted of the crime of assault with intent to commit manslaughter. Griffin v. State, 72 Fla. 79, 72 South. Rep. 474; Evans v. State, 68 Fla. 79, 66 South. Rep. 421.

The word "attempted" does not destroy the meaning of the verdict. It carries the significance of an intent. See Bunch v. State, *supra.*

So the phrase "guilty of attempted manslaughter" cannot be said to be so vague, uncertain and meaningless as to render the court incapable of giving judgment upon it. The word attempted is a form of the verb "attempt," which means: to make trial, to try, to endeavor to do or perform. Webster's New International Dictionary.

The language of the verdict means that the accused was guilty of endeavoring to do manslaughter; that is, she attempted, or as was said in Bunch v. State, *supra,* "intended" to do manslaughter. That is to say, she was guilty of an effort of assault, having an intent to do or commit manslaughter. The verdict therefore is sufficient.

The majority opinion, which grew from Mr. Justice BuFORD's dissent from the opinion originally prepared and submitted by me, seems to rest upon the assumption that an attempt to commit a crime of personal violence does not necessarily involve an overt act toward the accomplishment of the intent to commit the particular crime. In different words a person may be guilty of an attempt to commit murder without doing an overt act toward accomplishing the desired result. Such a doctrine finds no support in any of the books.

The rule, upon the contrary, is that even where preparation is made to commit a crime—and preparation to commit crime means purpose, design, intention to commit the unlawful act—some overt act must be done which moves directly toward the commission of the offense after preparations are made before it can be said that an attempt has been made to commit the crime.

Section 7544, C. G. L., 1927, defines no new offense in

criminal law. The section of the statutes merely defines the common law offense of attempt to commit crime. State v. Younds (Mich.), 47 L. R. A. 108. There is conflict in the decisions upon this subject of investigation only as the offense of "attempt" is sought to be applied to the facts in the particular case. There is no conflict among the authorities as to the elements of the crime in the abstract, as, for instance, the element of specific intent. A mere guilty mind is not sufficient. The law does not punish a mere intent, however specific, unless the intent is coupled with an act in pursuance of such intent. Yet, every act done in pursuance of the intent does not constitute an "attempt." To constitute an "attempt" the act must be sufficiently near to the last act intended; to be something more than mere preparation to commit the intended crime.

The conflict of authority arises upon the application of the above elements of the crime to the facts in the particular case. There may be the question of physical inability to commit the crime intended, as that the object at which the act is directed is not within reach of the accused, or that the means used by the accused were not adapted to securing the end desired. Conflict also arises on the proximity of the overt act, done in furtherance of the preparation, to the crime intended to be committed. The evidence often presents a question of degree, of proximity to the end desired, of the act done in pursuance of the preparation to commit a crime.

Upon such matters there is much conflict among the authorities, but not on the elements constituting the abstract crime. See III M. A. L. 59, 63; XV M. A. L. 104, 105; 1 Whart. Cr. Law (8 Ed.) 173; 1 Russ. Cr. (9 Ed.) 83; McDermott v. People, 5 Park. Cr. Rep. (N. Y.) 102; Uhl v. Commonwealth, 6 Gratt. (Va.) 706; Kunkle v. State,

32 Ind. 220; Reg. v. Roberts, 7 Cox C. C. 39; Cox v. People, 82 Ill. 191; Com. v. Peaslee, 177 Mass. 267, 59 N. E. Rep. 55.

There is a great difference between antecedent preparation to commit a crime and an attempt to commit it. Reg. v. Cheeseman, 9 Cox. C. C. 100; Reg. v. Taylor, 1 Fost & F. 511, 175 E. Rep. 831; People v. Murray, 14 Cal. 159; 8 R. C. L. 279.

It has been held that where an attempt is averred, that some act constituting such attempt, as an assault, should be laid. Com. v. Clark, 6 Pratt (Va.) 675.

An attempt " 'is such an intentional preliminary guilty act as will apparently result, in the usual course of natural events, if not hindered by extraneous causes, in the commission of a deliberate crime.' " State v. Butler, 8 Wash. 194, 25 L. R. A. 434.

It has been held that a person cannot be guilty of an attempt to commit an offense which he is physically impotent to perpetrate. Foster v. Commonwealth (Va.) 42 L. R. A. 589.

Manslaughter is the killing of a human being by the act, procurement or culpable negligence of another in cases where such killing shall not be justifiable or excusable homicide nor murder. Sec. 7141 C. G. L. 1927. There are several forms of manslaughter defined by statute, but all are forms of unlawful homicide.

The case of Devoe v. Tucker, 113 Fla. 805, 152 South. Rep. 624, cited in the majority opinion merely held that Section 7544 C. G. L. *supra,* punishing "attempts," was not applicable to the facts of the case. The justice writing the opinion merely said there was a distinction between an " 'attempt' to commit an offense under Section 7544, and an 'assault with the intent to commit' such offense."

It is impossible to apply those words with the slightest degree of accuracy to an assault with intent to commit manslaughter.

When it is considered that any gesture or threat of violence exhibiting an intention to assault, unless immediate contact is impossible, is an "assault" (Bishop v. Ranney, 59 Vt. 316, 7 Atl. Rep. 820; State v. Baker, 20 R. I. 275, 38 Atl. Rep. 653, 78 Am. St. Rep. 863; Mailand v. Mailand, 83 Minn. 453, 86 N. W. Rep. 445; 5 C. J. 720) and that an "attempt" means an intention to commit the act of physical violence coupled with an act or movement in execution of the intent sufficiently near to the consummation of the purpose to make it probable it is impossible to conceive a case where an attempt to commit a felony would not be an assault to that end.

The illustration given in the majority opinion is one showing an assault. If "A" is "about to perpetrate an assault" upon "B," and has to be "overcome" to prevent the attempt to commit violence upon "B," then "A" has already committed an assault.

The majority view is, to my mind, an overrefinement, an "over-leaping" of the law, resulting in defeat of its salutary provisions. The distinction attempted to be drawn in the Bevoe case cannot be sustained because it cannot be applied to crimes of physical violence, as the futile attempt in the majority opinion proves.

I repeat therefore that the verdict was not a *brutum fulmen;* that it must be construed with reference to the information and entire record and all fair intendments should be made to sustain it; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410, 89 Am. St. Rep. 237; Morris v. State, 54 Fla. 80, 45 South. Rep. 456, 14 Ann. Cas. 285; Blackwell v. State, 101 Fla. 997, text 1011, 132 South. Rep. 468; and

that it was sufficient in form, substance and law, because no other interpretation could be placed upon it than that the jury found Bonnie Vogel to be guilty of an effort in pursuance of an intent to commit manslaughter upon her husband, which is an assault with intent to commit that crime.

On the question of the sufficiency of the evidence, I do not find in it such inherent weaknesses as to justify the court in the conclusion that it is without any substantial supporting value to the verdict. According to the account of the transaction by the husband of the woman, the verdict is fully supported. It is true that the scene of the alleged crime, the apartment of the Vogels, and the performance carried on there by the man, his wife and a man visitor, who had come into the house about one o'clock in the afternoon in a semi-intoxicated condition and continued to drink whiskey until he was completely under its influence, constituted a situation most unusual in detail.

The parties had, by their conduct, converted the living rooms of the host and hostess into a scene of such coarse vulgarity and sexual debauchery that a jury might have very well believed the shot to have been fired accidentally, but they did not. The testimony of the woman emphasized the lewdness of the men to which she was for a time complaisant, but failed to convince the jury that she was without guilty participation in the lascivious practices of the three of them. In that horrible situation the pistol was fired. The jury believed possibly that she fired the shot at her husband in a temporary revulsion of feeling induced by her drunken, lascivious debauchery, but the jury found no extenuating fact in those circumstances, and we are unable to say that it existed.

Other assignments of error have been examined, and we find no merit in them.

The judgment should be affirmed.

TERRELL, J., agrees to the conclusion.