JOLLY v. CHARFAUROS.
Nos. 27155-L, 59-742-L.

Circuit Court, Duval County.
February 10, 1960.

172

Neal D. Evans, Jr., Jacksonville, for plaintiff.

Robert M. Montgomery, Jr., Jacksonville, for defendant.

JOHN M. McNATT, Circuit Judge.

After due notice, this cause was heard on defendant's motion for new trial, and was argued by counsel for the respective parties.

At the request of counsel for the defendant the facts respecting ground number 3 of the motion are made a part of the record as follows —

> The court did not forbid "arguments concerning speed as to the contributory negligence of the deceased, Bright L. Jolly," as asserted in the motion; but, during a discussion not made a part of the record, the court stated to counsel for the defendant that in the opinion of the court the defendant's theory of defense and the evidence did not indicate that the alleged speed of Jolly was a proximate cause of the collision, and that if counsel for defendant argued to the jury that speed was a proximate cause, and should counsel for plaintiff object to such argument, the objection would be sustained. After such discussion the defendant did not make or proffer any argument that the speed of Jolly was a proximate cause of the collision.

The above expression of the court was based on the fact that the defendant (Charfauros) contended that at all times he was on his own side of the road. If he were, then Jolly was necessarily on the wrong side of the road, and, regardless of his speed, was guilty of negligence. On the other hand, if Jolly were on his own side of the road and the defendant suddenly cut to his left and collided with Jolly on Jolly's side of the road, (as indicated by the credible evi-

dence), then Jolly's alleged excessive speed was not a proximate cause of the collision. Florida Motor Lines v. Ward, 102 Fla. 1105, 137 So. 163; O'Malley v. Eagan (Wyo.), 2 Pac. 2d 1063, 77 A.L.R. 582, Ann. page 601. Blashfield, Cyclopedia of Automobile Law and Practice, Perm. Ed., vol. 4 (part 2), page 106, section 2611. 3 Fla. Jur. 617-18 (section 136). In view of the physical facts, as shown by the photographs and the testimony of Jolly and the two road patrolmen, it seems clear that Jolly was on his (right) side of the road at the time of the collision and that his alleged speed was not a proximate cause of the accident. Stanley v. Powers, 125 Fla. 322, 169 So. 861; Florida Publishing Company v. Copeland (Fla.), 89 So. 2d 18.

Grounds 5 and 6 of the motion allege error in the failure to grant a mistrial. This case (no. 27155-L) was consolidated for trial with the case of Lizzie Kate Jolly v. Felix B. Charfauros (no. 59-742-L). In the captioned action (no. 27155-L) the administratrix sought damages from the time of injury to the time of Jolly's death, which occurred almost six months later; and the other case (no. 59-742-L) was brought by the widow for the alleged wrongful death of her husband, the claim being that the injury aggravated a pre-existing heart condition and caused the death. The widow's action for wrongful death was defended on the same grounds as was the action of the administratrix for damages from time of injury to time of death, and on the additional ground that there was no causal relation between the injury and Jolly's death from his heart condition.

The jury was furnished with an appropriate form of verdict for the plaintiff and an appropriate form of verdict for the defendant in each case. After their deliberations, the jury returned from the jury room to the courtroom, indicating as they came in that they had some question to ask. On the theory that the problem, if any, would be elicited by the question from the court as to whether they had reached a verdict, the court made such inquiry. The foreman of the jury replied that verdicts had been reached and was directed to hand them to the clerk, which was done, and the clerk then submitted the verdicts to the court for inspection. Upon examination, it was discovered that the jury had completed the not guilty form in the administratrix's case (no. 27155-L) and had also completed the form for the plaintiff in the widow's case (no. 59-742-L) and in that verdict damages of $7,500 were awarded. Obviously, the verdicts were inconsistent, for the reason that if the administratrix was not entitled to recover for the injury, the widow was not entitled to damages for the death.

Before the verdicts were accepted, filed or published, the court stated to the jury that there had been an indication that they had some question to ask, and the response was made that they were not sure that the right forms of verdicts had been completed. Further questioning developed the fact that the jury had decided that damages should be awarded from time of injury to time of death, but that no damages should be awarded for the death, because the accident had not caused it. Thereupon, the court informed the jury that if such were their intentions, they had completed the wrong forms of verdicts; and each of the same four forms of verdicts (the completed and the uncompleted forms) originally furnished to the jury was immediately returned to them with directions that they return to the jury room, complete the forms which carried out their intentions and destroy the other forms. Subsequently the jury returned with the verdict of $7,500 (now attacked by the defendant) in the administratrix's case and a "not guilty" verdict in the widow's case. These verdicts were accepted by the court, published and filed. The jury was then polled at the direction of the court, thereby removing any doubt that the jury had accomplished what it had intended to do.

A verdict is not effective until accepted and filed, and is still under the control of the jury, who have the right and duty to amend or alter an improper or defective verdict to reflect their intention and decision. Bryant v. State, 34 Fla. 291, 16 So. 177; Evans v. State, 68 Fla. 79, 66 So. 421; 53 Am. Jur. 762 (section 1099). In this connection, the record refutes the assertion in ground 5 of the motion that the jury was allowed "to further deliberate in open court" and that the court in essence directed "the jury to enter judgment against Felix B. Charfauros". Advising the jury that the forms of verdicts which gave effect to their intentions should be completed is not the direction, nor is it tantamount to the direction, of a verdict by the court. In any event, under the evidence and the decisions of the Supreme Court in Florida Motor Lines v. Ward, Stanley v. Powers, and Florida Publishing Company v. Copeland, supra, it is my opinion that the defendant, Charfauros, was guilty of negligence and that his negligence was the sole proximate cause of the collision.

As I am of the opinion that the verdict in this action (no. 27155-L) is in accord with the evidence, the law and justice of the case, it is ordered that defendant's motion for a new trial is denied.