FOURNET, Justice.
 

 The defendant, Tom Harper, having been convicted of the crime of “attempted manslaughter” under a charge by indictment of “attempt to murder” and sentenced to serve 18 months at hard labor in the state penitentiary, prosecutes this appeal, contending that his conviction and sentence should be reversed since there is no such crime in Louisiana as “attempted manslaughter,” and such crime is not responsive to a charge of “attempt to murder” since “an intent is necessary for conviction under the Attempt Statute of the State of Louisiana” and “there is no intent in the crime of manslaughter.”
 

 The defendant is in error in his contention that there is no ‘ crime of “attempted manslaughter” in this state for in the Criminal Code adopted by the legislature of 1942, homicide is defined as “the killing of a human being by the act, procurement or culpable omission of another” and specifically stated to consist of three grades of crimes or offenses, i. e., murder, manslaughter, and negligent homicide (Article 29 of Act No. 43) and Article 27 of the same code provides that “Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an
 
 attempt
 
 to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.” Under the heading “Specific intent important element” in the comments
 
 *231
 
 following this article, it is stated: “It is essential to an attempt that there be a specific intent to commit the crime.
 
 The test appears to be-
 
 — mould
 
 defendant have bee-ti guilty of a crime if his intention had been fully consummated."
 
 (Italics ours.) And, under the heading “Responsive vei'dicts” in the comments following Article 29, it is stated that “under an indictment for any basic offense a conviction of the lesser crime of an attempt to commit such offense should be proper.”
 

 It is indisputable that a verdict of manslaughter would be responsive to an indictment of murder and we think that a verdict of “attempted manslaughter” is likewise responsive to an indictment charging “attempt to murder.”
 

 The defendant’s contention that the element of intent is lacking in the crime of manslaughter is equally without merit, for, as expressed in Section 255 of the Fourth Edition of Clark and Marshall’s Works on Crimes, “In all cases of voluntary manslaughter there is an actual intention to kill, or there is an intention to inflict great bodily harm, from which such an intent may be implied. It is manslaughter, and not murder, because there is no malice aforethought, not because of any absence or presence of intention to kill.” See, also, Section 253 of the same work; Section 425 of Wharton’s Twelfth Edition of Criminal Law; and the comments''to be found following Article 34 of the Louisiana Criminal Code.
 

 For the reasons assigned, the judgment of conviction and sentence are affirmed.