Willie Bray and Junius Charles were indicted for murder and convicted of an attempt to commit murder. Their motions for a new trial and in arrest of judgment were overruled and they were sentenced to imprisonment in the State penitentiary. This appeal followed.
The important question presented for decision is whether a verdict for attempted murder is responsive to an indictment for murder.
Notwithstanding that the victim of the crime in this case died as a result of a number of stab wounds which were inflicted upon *Page 575 
him by defendants, the trial judge ruled that the verdict of the jury finding the defendants guilty of an attempt to commit murder was a legal verdict.
Article 27 of the Criminal Code, the General Attempt Statute, and the case of State v. Harper, 205 La. 228, 17 So.2d 260, were relied on by the judge to sustain his ruling. But in the recent case of State v. Love, 26 So.2d 156, this Court had occasion to consider the Code article and the decision in the case of State v. Harper. In the Love case the defendant was charged with murder and convicted of attempted manslaughter. This Court held that the verdict was not responsive to the indictment. In the Love case, we showed that the case of State v. Harper, which was also relied on by the State, was not authority on the question before the court, because there the defendant was not indicted for murder but was indicted for attempt to murder and his conviction for attempted manslaughter was responsive to the charge. In the Love case, we also showed that, construing together Articles 27 and 29 of the Criminal Code and Articles 386, 405 and 406 of the Code of Criminal Procedure, on an indictment for murder the only verdicts of lesser crimes permitted are verdicts of manslaughter and negligent homicide.
Under the decision in the Love case, which is decisive of the question involved in this case, the convictions and sentences appealed from must be set aside. And since the effect of the verdict was to acquit defendants *Page 576 
of the charge of murder, they must be discharged.
For the reasons assigned, the convictions and sentences of the defendants are annulled and the defendants are ordered discharged.
O'NIELL, C. J., concurs in the decree on the ground that the charge of the Judge was not appropriate here without explanation.