**People of the State of Illinois, Plaintiff-Appellee, v. Stephen Chilikas, Defendant-Appellant.**

**Gen. No. 54,261.**

First District, Third Division.

September 3, 1970.

James M. Sammons, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Anthony M. Montemurro, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

Stephen Chilikas was found guilty of aggravated assault and sentenced to ninety days in the House of Correction. The charge was a misdemeanor and the trial was

without a jury. He complains that he was denied the assistance of counsel and the right to cross-examine witnesses, and that he was compelled to testify against himself.

Chilikas was charged with having committed an aggravated assault upon a cabdriver named Michael Konieczny. He informed the court that he was ready for trial and that he waived a jury. He was not represented by counsel and he did not request the assistance of counsel. His complaint really is that he was not advised of his right to counsel.

■ ■ Article VI of the Constitution of the United States provides that, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The Illinois constitution provides in section 9 of Article II that, "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel . . . ." Paragraph 113–3(a), chapter 38, Ill Rev Stats 1967, states: "Every person charged with an offense shall be allowed counsel before pleading to the charge." The pertinent Supreme Court rule (Ill Rev Stats 1967, c 110A, par 401(b)) states that, "The court shall not permit a . . . waiver of . . . counsel by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds . . . that the accused . . . understands he has the right to counsel, and understandingly waives that right . . . ." The constitutional provisions, the statute and the rule have been construed adversely to the defendant's contention. It is presently the law of this state that if a person is charged with a felony he must be represented by counsel, or counsel must be appointed for him, or counsel must be waived by him; but if a person is charged with a misdemeanor the court has no duty to advise him of his right to counsel. People v. Dupree, 42 Ill2d 249, 246 NE2d 281 (1969). The present case is controlled by the above

decision. Under the prevailing law, the trial court did not err in not informing the defendant that he was entitled to be represented by counsel.

The absence of counsel, however, magnifies the unfairness of the defendant's trial. An examination of the record reveals that the cumulative effect of judicial errors deprived the defendant of the fair trial required by due process of law.

Konieczny was driving his cab in the vicinity of 47th Street and Kedzie Avenue, Chicago, on the night of June 13, 1968, when he was hailed by a bartender who had the defendant in tow. The defendant, who was under the influence of liquor, got in the cab and sat on the edge of the seat. As Konieczny made a right-hand turn, Chilikas fell over and struck his head on a rear door. The driver told him he was not sitting right and Chilikas started swearing, drew a gun and twice threatened to shoot the driver. He refused, however, to take the driver's money when it was offered to him. Chilikas eventually left the cab without carrying out his threat. He was arrested about a month later.

█ Under the prodding of the court, Konieczny related how the arrest came about. He testified that a passenger in his cab told him about a man who brandished a gun in a hotel and tried to kill the proprietor. The description of the man coincided with the defendant. Konieczny testified that he went to the hotel and talked to the proprietor. They got together and agreed that Chilikas was the man they were talking about. The court in a nonjury trial is presumed to disregard incompetent evidence. People v. Armstrong, 80 Ill App 2d 77, 224 NE2d 675 (1967). The assumption cannot be indulged in this case where the court itself elicited and considered the prejudicial hearsay evidence.

██ Immediately after the hearsay testimony was elicited by the court, the State rested. The court, without informing the defendant that he did not have to testify,

417

and without giving him the opportunity to testify uninterruptedly or to present evidence in his behalf, launched an examination of its own. The questioning did not bring out the defendant's side of the case but was an antagonistic cross-examination during which the court repeatedly expressed its disbelief in the defendant's answers. The court, as a finder of fact, has the right to question witnesses to learn facts pertinent to the charge. People v. Palmer, 27 Ill2d 311, 189 NE2d 265 (1963). It is fundamental, however, that one accused of a crime must be given a full opportunity to present a defense. People v. Berrell, 216 Ill App 341 (1920). A trial court must be especially concerned with this right when the defendant is not represented by counsel. The court's cross-examination of the defendant as soon as the State's case was concluded, the biased questions and expressions of incredulity, prejudiced the presentation of his defense and were incompatible with the requirement of fairness in a criminal trial.

The court pronounced the defendant guilty and asked for his background. The assistant State's attorney informed the court that Chilikas had been placed on probation for contributing to the delinquency of a minor. Chilikas denied this and the court said, "I am going to check this out. If your memory is bad . . . ." The court then called the defendant a liar and referred to him as a moron.

After a further discussion in which the defendant said he was a hardworking man holding two jobs, married and with one of his children in a hospital, the court said, "You are going home, but not where you thought. You are going back to your old stamping grounds." The court then sentenced him to the House of Correction. The implication of the court's remark about the defendant's "old stamping grounds" is that he had been in jail. No support for this appears in the record. A trial judge is to

be encouraged to consider all available and pertinent information concerning a defendant to enable him to impose an appropriate punishment, but care must be used to determine whether the information is reliable (People v. Crews, 38 Ill2d 331, 231 NE2d 451 (1967)) and it must be presented in open court. A sentence cannot be influenced by evidence not appearing in the record. Cf. People v. Wallenberg, 24 Ill2d 350, 181 NE2d 143 (1962).

With the large number of criminal cases crowding our dockets, a trial court is under pressure to conduct proceedings expeditiously. See, e. g., Oaks and Lehman, The Criminal Process of Cook County and the Indigent Defendant, 1966 U of Ill L Forum 584, 614–618. But patience and open-mindedness cannot be sacrificed to expedition.

█ It was the court's duty to see that the defendant did not suffer for lack of counsel; but instead of protecting him, the court aggressively participated in his prosecution. The court brought out hearsay testimony that was seriously damaging to the defendant, examined him with partiality, characterized him with opprobrious epithets and sentenced him under the mistaken impression that he previously had been in jail.

The judgment is reversed and the cause remanded.

Reversed and remanded.

SCHWARTZ and McNAMARA, JJ., concur.