COMMONWEALTH *vs.* LAURENCE R. HEBERT.

Berkshire.     September 12, 1977. — October 28, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Attempt.   Homicide.*

There is no such crime as attempted involuntary manslaughter. [537]
Discussion of whether there is such a crime as attempted voluntary manslaughter. [537-539]
In view of the duplication which would arise if this court recognized as crimes both assault with intent to kill under G. L. c. 265, § 29, and attempted manslaughter under G. L. c. 274, § 6, it declined to read the latter statute as extending to manslaughter. [539-540] QUIRICO, J., concurring in the result.

INDICTMENT found and returned in the Superior Court on April 8, 1975.

The case was tried before *Tisdale,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Thomas Hoffman* for the defendant.

*L. Jeffrey Meehan,* Special Assistant District Attorney, for the Commonwealth.

BRAUCHER, J.   The defendant appealed his conviction of "attempted manslaughter," and we allowed his application for direct appellate review. We hold that there is no such crime, and reverse.

The defendant was indicted for attempted murder, rape, assault with intent to murder, and assault and battery, all arising out of an incident on February 22, 1975. After trial in May, 1975, he was acquitted of rape and assault with intent to murder and convicted of assault and battery and attempted manslaughter. He was sentenced to two and one-half years in a house of correction on the charge of assault and battery, and to two and one-half years from and after that sentence on the attempted manslaughter charge. The latter sentence was suspended, and the defendant was placed on probation for five years on condition that he take psychiatric treatment. He appealed only from the conviction of attempted manslaughter, and is now on parole from the conviction of assault and battery.

The victim testified that the defendant had sexual intercourse with her without her consent. Afterward, she said, he strangled her until she passed out; when she revived he threatened to kill her. He also struck her. The defendant testified that he had consensual intercourse with the victim, that in frustration with himself he struck her, and that she did not answer when he asked whether she was all right. He denied the strangling. There was no evidence of provocation.

On the indictment for assault with intent to murder, the judge instructed the jury as to murder, voluntary manslaughter, and involuntary manslaughter, and instructed

them that they could find the defendant guilty of assault with intent to commit murder, or guilty of assault with intent to commit manslaughter, or not guilty. He then instructed them as to attempted murder: "if a person is engaged in the accomplishment of an unlawful purpose and has gone far enough in accomplishing the purpose so that it is reasonably probable the purpose would have been accomplished if it had not been frustrated by the intervention of another or by other causes, the evidence is sufficient to show an attempt to commit the crime charged." They would have to determine whether it was attempted murder; if not, "then would it be manslaughter?" Finally, they could find the defendant not guilty. The defendant took exception "to all of that part of the charge which referred to the lesser included offense of manslaughter."

1. *Attempted involuntary manslaughter.* Attempted murder is punishable under G. L. c. 265, § 16, if committed by poisoning, drowning or strangling or by means not constituting an assault with intent to commit murder; any attempt to commit a crime is punishable under G. L. c. 274, § 6. The Commonwealth concedes that there is no such crime as attempted involuntary manslaughter. An attempt to commit a crime necessarily involves an intent to commit that crime. *Commonwealth* v. *McLaughlin*, 105 Mass. 460, 463 (1870). See *Commonwealth* v. *Gosselin*, 365 Mass. 116, 121 (1974). Involuntary manslaughter is homicide unintentionally caused. *Commonwealth* v. *McCauley*, 355 Mass. 554, 560 (1969), and cases cited. Hence an attempt to commit involuntary manslaughter is logically impossible. *People* v. *Genes*, 58 Mich. App. 108, 110 (1975). *People* v. *Foster*, 19 N.Y.2d 150, 152-153 (1967) (statute defined manslaughter as homicide "without a design to effect death"). *Gonzales* v. *State*, 532 S.W.2d 343, 345 (Tex. Crim. App. 1976). See Wechsler, Jones & Korn, The Treatment of Inchoate Crimes in the Model Penal Code of the American Law Institute: Attempt, Solicitation and Conspiracy, 61 Colum. L. Rev. 571, 575-577 (1961).

2. *Attempted voluntary manslaughter.* We have not had occasion to decide whether there is a crime of at-

tempted voluntary manslaughter. Authority elsewhere is sparse and inconclusive. Compare *People* v. *Weeks,* 86 Ill. App. 2d 480, 485 (1967) (no such crime), with *State* v. *Harper,* 205 La. 228, 230-231 (1944) (affirming conviction), and *People* v. *Genes,* 58 Mich. App. 108, 110 (1975) (dictum). See Smith, Two Problems in Criminal Attempts, 70 Harv. L. Rev. 422, 434 (1957); R. Perkins, Criminal Law 575 n.11 (2d ed. 1969).

We think an attempt to commit voluntary manslaughter is logically possible. An intent to kill "may exist when one intends only such killing as amounts to manslaughter." *Commonwealth* v. *Demboski,* 283 Mass. 315, 322 (1933). In the *Demboski* case we held that a defendant indicted for assault with intent to murder under G. L. c. 265, § 15, could be convicted of the lesser included crime of assault with intent to kill under G. L. c. 265, § 29. We treated the latter crime as assault with intent to commit manslaughter. We stand by that decision, which has been applied more recently. *Commonwealth* v. *Martin,* 369 Mass. 640, 641 n.1 (1976). *Commonwealth* v. *Jervis,* 368 Mass. 638 (1975). We add that the crime is more likely to be understood by a jury if it is referred to as "assault with intent to kill" rather than as "assault with intent to commit manslaughter."

Notwithstanding the logical possibility, we do not think that recognition of a crime of attempted voluntary manslaughter would serve any useful purpose. We have been unable to hypothesize a case which might constitute attempted voluntary manslaughter which would not also constitute assault with intent to kill. See *Commonwealth* v. *Slaney,* 345 Mass. 135, 138 (1962) (attempted battery is assault); *Vogel* v. *State,* 124 Fla. 409, 420 (1936) (dissenting opinion). The maximum penalty for such an assault under G. L. c. 265, § 29, is greater than the maximum penalty for attempted manslaughter under G. L. c. 274, § 6, Second.

Moreover, as the present case illustrates, the concept of attempted voluntary manslaughter is likely to confuse counsel, judge and jury. Manslaughter may comprehend a

variety of cases where intent to kill is not essential: homicide in the commission of certain unlawful acts; cases of wanton or reckless conduct; cases where unreasonable force is used in self-defense; and cases of "sudden transport of passion or heat of blood, upon a reasonable provocation and without malice," where the intent may be to do grievous bodily harm rather than to kill. See *Commonwealth* v. *Hicks,* 356 Mass. 442, 444-445 (1969); *Commonwealth* v. *Jones,* 366 Mass. 805, 807-809 (1975); *Commonwealth* v. *Kendrick,* 351 Mass. 203, 209-213 (1966); R. Perkins, Criminal Law 35-36, 51-52 (2d ed. 1969). There may be "malice aforethought," an element of murder, even though there is no intent to kill, or there may be an intent to kill even though there is no "malice aforethought." Attempted voluntary manslaughter would involve an unlawful intent to kill in the absence of malice. At least one court has thought that an attempt must involve some calculation or deliberation inconsistent with passion and provocation. *People* v. *Weeks,* 86 Ill. App. 2d 480, 485 (1967). There is force in that thought; in any event, there is no doubt that the distinctions are finely drawn.

The present case nicely illustrates the possibility of confusion. The judge's charge clearly permitted the jury to find the defendant guilty of assault with intent to commit involuntary manslaughter; arguably it also permitted them to find him guilty of attempted involuntary manslaughter. There was no such evidence of provocation as to require any reference to voluntary manslaughter. Cf. *Commonwealth* v. *Rembiszewski,* 363 Mass. 311, 321 (1973). Counsel for the defendant objected to reference to manslaughter, but did not call attention either to the problem of provocation or to the problem of involuntary manslaughter. Finally, the jury found the defendant not guilty of assault with intent to commit manslaughter but guilty of attempted manslaughter. This strongly suggests that the defendant was found guilty of attempted involuntary manslaughter.

The problem of confusion could be reduced by proper

instructions to the jury, but we doubt that it could be eliminated. In view of the duplication which would arise if we recognized as crimes both assault with intent to kill under G. L. c. 265, § 29, and attempted manslaughter under G. L. c. 274, § 6, therefore, we hold that the latter statute is not to be read as extending to manslaughter. Our restricted reading is consistent in policy with the exception made in G. L. c. 265, § 16, for attempted murder which constitutes assault with intent to murder.

We recognize that the result of our decision will be to relieve the defendant of probation and thus of the obligation to take psychiatric treatment. This is doubtless unfortunate even from his point of view, but we must apply the law as we find it.

> *Judgment reversed.*
> *Verdict set aside.*
> *Judgment for the defendant.*

QUIRICO, J. (concurring in the result). The defendant, Laurence R. Hebert, was indicted for attempted murder, rape, assault with intent to murder, and assault and battery. A jury convicted him of attempted manslaughter and assault and battery. He was acquitted on the other charges. He has appealed only his conviction for attempted manslaughter. By its opinion in this case the court has reversed the conviction for the basic reason that it does not believe that there is such a crime as an attempt to commit manslaughter under our law. While I concur in the reversal, I would do so because of the absence of any evidence that supports a conclusion that the assault was committed in a heat-of-passion that resulted from provocation. Thus it would not be necessary to consider the question whether the Commonwealth recognizes the crime of attempted voluntary manslaughter. However, since the court has discussed this question, and since I disagree with its conclusions, I will address the issue.

The court states that an attempted voluntary manslaughter is logically possible, but it later casts doubt on

this conclusion by citing with apparent approval the case of *People* v. *Weeks,* 86 Ill. App. 2d 480 (1967), where the Illinois Appellate Court held that the concept of attempt involved an element of calculation or deliberation and was thus inconsistent with a heat-of-passion voluntary manslaughter. *Id.* at 485. For the reasons which follow, I believe that the crime of attempted voluntary manslaughter is logically possible and that it exists under the law of the Commonwealth.

An attempt to commit a crime requires two elements: (a) an intent to do an act which, if completed, will constitute a crime, and (b) an act done pursuant to that intent. *Commonwealth* v. *Peaslee,* 177 Mass. 267, 271 (1901) (Holmes, C.J.). *Commonwealth* v. *McDonald,* 5 Cush. 365, 367 (1850). R. Perkins, Criminal Law 552 (2d ed. 1969). The point in issue here is whether the first element can be satisfied in a voluntary manslaughter situation, i.e., whether one can intend to commit a crime that by its own definition is conceived by the perpetrator while he is in a state of intense agitation. The defendant argues that the intent cannot be present because the crime of voluntary manslaughter excludes intentional conduct. This proposition, however, is incorrect. The factor that distinguishes voluntary manslaughter from murder is not the absence of intent, but rather the absence of malice aforethought. "Manslaughter is the unlawful killing of another without malice; and may be ... voluntary, as when the act is committed with a real design and purpose to kill, but through the violence of sudden passion, occasioned by some great provocation.... [T]he characteristic distinction between murder and manslaughter is malice...." *Commonwealth* v. *Webster,* 5 Cush. 295, 304 (1850).[1] See Perkins, *supra* at 52.

---

[1] The defendant's reliance on *People* v. *Brown,* 21 App. Div. 2d 738 (N.Y. 1964), is misplaced. In New York, manslaughter is a statutory crime, and at the time of the *Brown* decision the offense was defined to exclude any intentional conduct. See *People* v. *Foster,* 19 N.Y.2d 150, 152-153 (1967). Thus, in effect, there was no crime of heat-of-passion voluntary manslaughter in New York. The statute has since been changed. See N.Y. Penal Law § 125.20 (McKinney 1975).

Commonwealth *v.* Hebert.

The view that voluntary manslaughter involves intentional conduct is consistent with the opinion of this court in *Commonwealth* v. *Demboski,* 283 Mass. 315 (1933), recently cited with approval in *Commonwealth* v. *Martin,* 369 Mass. 640, 641 n.1 (1976). In the *Demboski* case the defendant was indicted for assault with intent to commit murder and convicted by a jury of the lesser charge of assault with intent to kill. 283 Mass. at 317. This court, affirming the conviction, held that an assault with intent to kill was the same as an assault with intent to commit manslaughter. *Id.* at 322-323. It stated that the offense exists where the defendant "intends only such killing as amounts to manslaughter." *Id.* at 322. It thus believed that a person was capable of forming an intention while provoked. To hold otherwise now would be inconsistent with our decision in the *Demboski* case.

The court also appears to suggest that the mental element required for an attempted crime goes beyond "intent" as it is generally defined and includes additionally an element of calculation or deliberation. I find no support for this proposition in our cases, and I believe that it is inconsistent with the *Demboski* decision since, as the court indicates in its opinion here,[2] the mental states necessary for an assault with intent to commit a felony and for an attempted felony are identical. Each requires a specific intent to commit the particular felony. Perkins, *supra* at 579. The Illinois case cited by the court, *People* v. *Weeks, supra,* which holds that calculation is required for an attempt, represents a minority view,[3] and has been seriously questioned by the text writers. E.g., W.R. LaFave & A.W. Scott, Jr., Criminal Law § 59, at 430 n.86 (1972); Perkins,

[2] The court states that the crimes of assault with intent to commit manslaughter and attempted manslaughter are identical in all their aspects. As I indicate below I do not go so far, since I think that the acts necessary for each differ in quality. See *infra* at 543.

[3] The *Weeks* case appears to be the only one to take this position, at least in regard to attempted manslaughter. The courts of Michigan, Florida, and Louisiana have recognized the crime of attempted voluntary manslaughter, see *infra* at 538, and thus impliedly reject the *Weeks* view.

*supra* at 575 n.11. I do not believe that it should be followed.

Thus I conclude that the crime of attempted voluntary manslaughter is logically possible. This conclusion is consistent with the majority of the admittedly scarce authority elsewhere. See *Vogel* v. *State,* 124 Fla. 409 (1936); *State* v. *Harper,* 205 La. 228 (1944); *People* v. *Genes,* 58 Mich. App. 108 (1975); but see *People* v. *Weeks, supra.* It is also in harmony with those courts that have recognized the similar crime of assault with intent to commit manslaughter. See, e.g., *Walker* v. *State,* 44 So. 2d 814 (Fla. 1950); *State* v. *Crutcher,* 231 Iowa 418 (1941); *State* v. *Null,* 355 Mo. 1034 (1947); *State* v. *Butman,* 42 N.H. 490 (1861); but see *Moore* v. *People,* 146 Ill. 600 (1893); *People* v. *Lilley,* 43 Mich. 521 (1880).

I would further hold that an attempt to commit voluntary manslaughter is a crime in Massachusetts. I believe that the current statutory framework supports such a conclusion, and that the abrogation of the offense is a proper task for the Legislature, rather than for this court.

The court holds that the crimes of assault with intent to commit manslaughter and attempted manslaughter are identical, and concludes that recognition of the latter is not warranted since it would create unnecessary duplication. I cannot agree that the crimes are identical because I believe that, although the basic intents required for the two offenses are equivalent, the activities necessary to constitute each are not. Specifically, the acts necessary to constitute an assault with intent to commit a particular crime must come closer to success than those required for an attempt to commit that crime. Perkins, *supra* at 578.

This difference in degree of proximity to success has generally been recognized. See Perkins, *supra* at 578; e.g., *Vogel* v. *State,* 124 Fla. 409, 413 (1936); *Fox* v. *State,* 34 Ohio St. 377, 380 (1878); *State* v. *Mortensen,* 95 Utah 541, 550 (1938) (Hanson, J., dissenting). "The law of assault, crystallizing at a much earlier day than the law of criminal attempt in general, is much more literal in its requirement of 'dangerous proximity to success' (actual or apparent)

than is the law in regard to an attempt to commit an offense other than battery." Perkins, *supra* at 578.

The distinction can also be inferred from the language of the Massachusetts attempted murder statute, G. L. c. 265, § 16. An attempted murder is there defined to include attempts to murder "by any means not constituting an assault with intent to commit murder." The provision thus contemplates acts that are insufficient to support a conviction for assault with intent to murder, but that nonetheless constitute attempted murder. Perkins, *supra* at 579. This conclusion was reached by the Florida Supreme Court in *Vogel* v. *State, supra,* interpreting a similar statute and deciding the exact issue presented here. That court held that attempted manslaughter and assault with intent to commit manslaughter were not identical because the degrees of proximity to success required for each crime differed. Accord, Perkins, *supra* at 579.

The appropriateness of the recognition of the attempted voluntary manslaughter offense is also suggested by the statutory scheme of criminal law in the Commonwealth. General Laws c. 274, § 6, makes criminal any "attempts to commit a crime." This statute, on its face, is nonexclusive, applicable to attempts to commit all crimes, without regard to whether the criminal attempt overlaps any other offense. The Legislature itself expressly recognized the existence of an overlap between the crimes of attempted murder and assault with intent to murder, and there acted to eliminate it. See G. L. c. 265, § 16. The elimination of other such areas should similarly be accomplished by the Legislature. Until such time as the Legislature chooses to act, the offense of attempted voluntary manslaughter should be recognized in the Commonwealth.