COMMONWEALTH *vs.* EARL LEE SHIVERS. April 20, 1978. While the charge to the jury was no more free than most from phrases or sentences which, viewed in isolation, might be thought misleading, taken as a whole it was comprehensive, balanced and correct. The allegation of the defendant's assignment that the charge "allow[ed] the jury to convict of assault with intent to murder upon a finding that the defendant intended to kill," is simply inaccurate; the judge repeatedly and pointedly instructed the jury that an intention or purpose to kill was insufficient unless it was accompanied by the malice requisite to the crime of murder. Assuming (probably incorrectly) that the jury should have been instructed that they might find the defendant guilty of assault with intent to kill (see *Commonwealth* v. *Demboski*, 283 Mass. 315, 321-324 [1933]; *Commonwealth* v. *Hebert*, 373 Mass. 535 [1977]), the omission rather clearly favored the defendant, as the jury were instructed that unless they should find that the defendant's act of firing the gun at the victim was accompanied both by an intention to kill and by malice, they could not find the defendant guilty of more than assault with a dangerous weapon; and, in any event, the omission (if it was one) was not called to the judge's attention. We think that the portions of the charge dealing with "the natural and probable consequences" of acts, and other words to that effect, could only have been understood by the jury as an instruction that they might infer

an intention to kill from the act of shooting (whether or not the bullet hit the victim) and not as an instruction that mere negligence or reckless conduct, rather than a specific intent to kill, would suffice to make out the offense charged. As to the point which seems to have been raised by trial counsel when he took his exception to the charge, the differences between the concepts of attempt and assault (see *Commonwealth* v. *Hebert, supra* at 543 [Quirico, J., concurring]; Perkins, Criminal Law 578 [2d ed. 1969]) are of no materiality on the evidence in this case, where either of the acts upon which the jury could have predicated their verdict plainly constituted both an assault and an attempt.

*Judgments affirmed.*

*Kimberly Homan* for the defendant.
*Charles A. Murray, III*, Assistant District Attorney, for the Commonwealth.