(No. 57914.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. DONALD REAGAN, Appellee.

*Opinion filed December 16, 1983.*

RYAN, C.J., took no part.

Neil F. Hartigan, Attorney General, of Springfield, and Gary L. Peterlin, State's Attorney, of Ottawa (Michael B. Weinstein and Michael V. Accettura, Assistant Attorneys General, of Chicago, and John X. Breslin and Terry A. Mertel, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Peter A.

Carusona, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In indictments returned in the circuit court of La Salle County, defendant, Donald Reagan, was charged with three counts of attempted murder and three counts of armed violence. In a jury trial defendant was acquitted of attempted murder but convicted of three counts of attempted voluntary manslaughter and three counts of armed violence. Defendant was sentenced to three concurrent terms of eight years on the armed-violence convictions. Holding that there is no crime of attempted voluntary manslaughter, the appellate court reversed (111 Ill. App. 3d 945), and we allowed the People's petition for leave to appeal (87 Ill. 2d R. 315).

The opinion of the appellate court contains an adequate statement of the facts, and they need not be restated here. The sole question presented by this appeal is whether under the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 1—1 et seq.) there is an offense of attempted voluntary manslaughter based on an imperfect self-defense as defined in section 9—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 9—2).

The Criminal Code of 1961 in pertinent part provides:

"A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code, but his belief is unreasonable." (Ill. Rev. Stat. 1979, ch. 38, par. 9—2(b).)

"A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense." Ill. Rev. Stat. 1979, ch. 38, par. 8—4(a).

The People agree that attempt requires the specific intent to commit an offense. They contend, however, that the appellate court misconstrued the statute in holding that a conviction under section 9—2(b) would require that the defendant intend an unreasonable belief. They argue that "the more logical interpretation is that a defendant must intend to kill but that his intent must be accompanied by the subjective (yet unreasonable) belief that the killing is justified. It is for the jury to decide both the intent and the question of whether the accompanying belief is reasonable or unreasonable ***."

We do not agree. As the court said in *People v. Viser* (1975), 62 Ill. 2d 568, "[t]here is no such criminal offense as an attempt to achieve an unintended result." (62 Ill. 2d 568, 581.) The requirement of the attempt statute is not that there be an intent to kill, but that there be an intent to kill without lawful justification. If, as suggested by the People, defendant at the time of the shooting believed the circumstances to be such that if they existed would justify the killing, then there was no intent to commit an offense.

We agree with the appellate court that "there is no crime of attempted voluntary manslaughter under section 9—2(b). To commit an attempted voluntary manslaughter, the defendant could not merely have an intent to kill, for that is not a crime. [*People v. Barker* (1980), 83 Ill. 2d 319.] The defendant would have to specifically intend to kill with an unreasonable belief in the need to use deadly force in self-defense. As the State concedes, it is impossible to intend an unreasonable belief. If a defendant intended to kill with the knowledge that such action was unwarranted, he has intended to kill without lawful justification and could be prosecuted for attempted murder. In the case at bar, the defendant intended to defend himself. Although his belief in the need to defend himself or in the need to use deadly force was unreasonable, his intent was not to commit a crime. His intent was to engage in self-defense,

which is not a criminal offense." 111 Ill. App. 3d 945, 950-51.

Citing Sachs, *Is Attempt to Commit Voluntary Manslaughter a Possible Crime?* 71 Ill. B.J. 166 (1982), the People argue:

> "Logic requires that where a person commits acts which could be construed as voluntary manslaughter when the victim dies, then he could be guilty of attempt to commit voluntary manslaughter if the person injured survives." (71 Ill. B.J. 166, 171.)

Although this argument has surface appeal, it fails to take into account the long-established requirement that conviction for attempted offenses requires proof of specific intent. It has long been recognized that voluntary manslaughter is not an offense involving specific intent. (See *Moore v. People* (1893), 146 Ill. 600; *People v. Alejos* (1983), 97 Ill. 2d 502.) We have examined the authorities cited by the People which hold that an attempt to commit a crime, if the action is taken with the degree of culpability required for the commission of the offense, constitutes the attempted offense. Those holdings, with one exception, rest upon attempt statutes similar to that proposed in the Model Penal Code (Model Penal Code sec. 5.01, Proposed Official Draft 1962) which contained provisions substantially different from section 8—4 of the Criminal Code of 1961. In *State v. Harper* (1944), 205 La. 228, 17 So. 2d 260, the Supreme Court of Louisiana held that either an intent to kill or an intent to inflict great bodily harm was sufficient to support a conviction for attempted manslaughter. This is clearly contrary to the rule long established in this jurisdiction.

For the reasons stated the judgment of the appellate court is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE RYAN took no part in the consideration or decision of this case.