THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM BRISKER, Defendant-Appellant.

First District (1st Division)   No. 86—2181

Opinion filed May 9, 1988.

Randolph W. Stone, Public Defender, of Chicago (Andrea Monsees, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Kenneth T. McCurry, Nancy Black, and Lynn R. Flanagan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

William Brisker was charged with armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2), aggravated battery (Ill. Rev. Stat. 1983, ch. 38, par. 12—4), and attempted murder (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4, 9—1) for allegedly stabbing a tavern patron during an altercation on the evening of January 17, 1984. Brisker was found guilty of attempted murder after a trial without a jury and sentenced to 10 years' imprisonment. Brisker now appeals the judgment, contending that the necessary finding of specific intent was based on an unconstitutional presumption that "one intends the natural and probable consequences of his acts" and, thus, he was not properly proved guilty beyond a reasonable doubt of every element of attempted murder. Brisker also contends that the charge of attempted murder was not proved beyond a reasonable doubt because the prosecution did not prove the absence of justification beyond a reasonable doubt. Brisker seeks a reversal of his conviction based on these claimed trial court errors. Additionally, Brisker requests this court to vacate his sentence on the ground that the trial court erred in entering judgment on lesser included offenses and in entering multiple convictions for the same criminal act.

The incident began in the early evening hours of Friday, January 16, 1984, when both Mr. Brisker and the victim were present at Another World Lounge in Chicago, Illinois. Brisker allegedly approached the victim and told him to straighten his hat. When the victim refused, Brisker demanded to know who the victim "represented," which was apparently a request for street gang identification. A shoving match ensued and Brisker was allegedly asked to leave the tavern. The State asserted that after Brisker finally left, he returned several hours later and attacked the victim from behind with a knife, cutting his face and then his forearms and hands when the victim raised his arms to protect himself from further injury. The State contended that after the attack spilled out onto the street, a passerby broke up the fight, and Brisker dropped the knife and fled as a police car approached the scene.

In Brisker's version of the events, he contended that he left the tavern after the victim had "beat" him, but he was not asked to leave at any time. The defendant also argued that he returned after only a half-hour absence. Brisker contended that upon his return, the victim pushed him out the door in an unprovoked assault and pulled a knife from under his coat. Brisker asserted that he then wrestled the knife away from the victim and began making wild slashing motions to fend off further assault by the victim. According to Brisker's account, he

was walking away from the fight when he was apprehended by the police.

Brisker was charged with attempted murder, armed violence, and aggravated battery. Thereafter, he waived his right to a jury trial, and during the proceedings before the trial court, the State presented the testimony of four witnesses, including the victim. The defendant moved for a directed finding at the close of the State's case and the court denied the motion. After hearing the testimony of the defendant and the closing arguments of counsel, the trial court made its findings. In particular, the court found the State's eyewitnesses were credible, even though all were acquaintances of the victim, and found Brisker's testimony incredible. The court further found that "the defendant was the initial and sole aggressor" and concluded that because "one intends the natural and probable consequences of his acts," Brisker was guilty of attempted murder and "all other charges in the pleadings, [and that] each of those will be included in the attempted murder finding, and there will be a finding on those." Subsequently, the court sentenced Brisker to 10 years' imprisonment and denied his motion for a new trial.

■■ Brisker bases his first argument, that the trier of fact used an unconstitutional presumption in reaching a guilty finding, on the remarks the trial judge made at the close of the trial. Specifically, the judge stated:

> "The next issue is whether or not there is sufficient proof of intent to establish the crime of attempt murder and intent to kill. *One intends the natural and probable consequences of his acts.* The murderous attack, I have been told about today, [and] the evidence in this case demonstrates to me clear intent to kill on behalf of the attacker." (Emphasis added.)

From these statements, the defendant concludes that the trier of fact improperly presumed an intent that was unsupported by the evidence.

The cases which the defendant cites, however, involved improper instructions in jury trials and not cases decided after a trial was conducted before a trial judge. For that reason we find those authorities inapplicable and unpersuasive. (See, *e.g., Francis v. Franklin* (1984), 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965; *Sandstrom v. Montana* (1979), 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450; *People v. Reagan* (1983), 99 Ill. 2d 238, 457 N.E.2d 1260; *People v. Barker* (1980), 83 Ill. 2d 319, 415 N.E.2d 404; *People v. Harris* (1978), 72 Ill. 2d 16, 377 N.E.2d 28.) The concern in jury trials is "whether a reasonable juror could have understood the two sentences as a mandatory presumption that shifted to the defendant the burden of persua-

sion on the element of intent once the State had proved the predicate acts." (*Francis v. Franklin* (1984), 471 U.S. 307, 316, 85 L. Ed. 2d 344, 354, 105 S. Ct. 1965, 1972.) However, in a trial where the defendant has validly waived his right to a jury, as here, it is presumed that the trial judge knew the law and applied it properly. *People v. Roberson* (1980), 83 Ill. App. 3d 45, 49, 403 N.E.2d 490, 492.

Additionally, when the statement of the trial judge in this case is placed in the context of his findings at the end of the trial, it is clear that the statement did not refer to a presumption but rather referred to an inference that the judge drew after hearing all of the evidence. In *People v. Bell* (1983), 113 Ill. App. 3d 588, 447 N.E.2d 909, our court observed that a "presumption" such as is involved here: "Properly understood, *** merely means it may be permissible, depending upon the circumstances of the particular case, for a trier of fact to *infer* intent to kill." (Emphasis in original.) (*Bell*, 113 Ill. App. 3d at 594, 447 N.E.2d at 914; *cf.* W. LaFave & A. Scott, Criminal Law 196, 203 (1972).) It also should be noted that the defendant does not contend that the trial judge used a presumption to cut short his defense or that the judge reached a conclusion of guilty prior to hearing all of the evidence. See *People v. Vincson* (1973), 15 Ill. App. 3d 934, 938, 305 N.E.2d 671, 674.

Additionally, the cases the defendant has cited to in his reply brief, such as *People v. Huber* (1985), 131 Ill. App. 3d 163, 475 N.E.2d 599, *People v. Stewart* (1970), 130 Ill. App. 2d 623, 264 N.E.2d 557, and *People v. Chilikas* (1970), 128 Ill. App. 2d 414, 262 N.E.2d 732, all involve dissimilar circumstances where the trial court improperly considered hearsay evidence or misunderstood the applicable law in the case. In this case, the defendant has not alleged any procedural errors, nor has he affirmatively shown any misunderstanding of the law by the trial court which would overcome the presumption that the trial court followed proper law and procedure. (See *People v. Rassmussen* (1986), 143 Ill. App. 3d 11, 23, 492 N.E.2d 612, 619.) Furthermore, even if the defendant could have shown the use of an unconstitutional presumption, which we find he has not, such an error does not require a reversal where there is sufficient corroborating evidence of specific intent. (See *County Court of Ulster County v. Allen* (1979), 442 U.S. 140, 167, 60 L. Ed. 2d 777, 798, 99 S. Ct. 2213, 2230.) Here there was sufficient corroborating evidence of specific intent.

Defendant next argues that the State failed to prove him guilty beyond a reasonable doubt and, in particular, that the State failed to prove the absence of justification beyond a reasonable doubt.

At trial, Brisker took the stand in his own behalf and asserted self-defense. The testimony of the State's eyewitnesses, while not entirely consistent, corroborated the State's version of the incident that Brisker had attacked the victim from behind with an 8- to 10-inch knife in an unprovoked assault. The judge, at the close of the evidence, stated that he found the State's witnesses to be credible and the testimony of the defendant not co be credible.

In a bench trial the judge has the duty of determining the credibility of the witnesses and the weight to be given their testimony, and a reviewing court will not substitute its judgment for that of the trial court. (*People v. Coulson* (1958), 13 Ill. 2d 290, 295-96, 149 N.E.2d 96, 98.) It is, however, the reviewing court's prerogative to disbelieve a witness where his testimony in the record is inherently incredible. (*Coulson*, 13 Ill. 2d at 297, 149 N.E.2d at 99.) If the evidence is conflicting, the reviewing court, as stated, will not substitute its judgment for that of the trial court. (*People v. McCarthy* (1981), 102 Ill. App. 3d 519, 430 N.E.2d 135.) Here, the trial judge found the defendant's testimony that the victim initiated the attack and first had possession of the knife to be not credible when the unrebutted evidence showed that a woman called out to warn the victim moments before the attack, and the defendant had no visible signs of injury at his arrest immediately following the incident. These facts, the court concluded, were not consistent with the defendant's version of the events.

The evidence in this case is distinguishable from that in *People v. Bailey* (1975), 27 Ill. App. 3d 128, 326 N.E.2d 550, also cited by defendant, because the court there found that the defendant was justified in firing the first shot, and thus, in such circumstances, there was a genuine issue whether the remaining shots were fired in self-defense. In *People v. Rorer* (1976), 44 Ill. App. 3d 553, 358 N.E.2d 681, again cited by defendant, the evidence showed that the defendant was approached and verbally threatened by a man brandishing a knife. Here, the testimony of all witnesses other than the defendant established that the defendant was not attacked. As this court stated in *People v. Young* (1973), 11 Ill. App. 3d 609, 615, 297 N.E.2d 298, 302: "The trial judge was not compelled to accept the accounts of the defendant or his witnesses as conclusive, but could properly consider the surrounding circumstances and the probability or improbability of their stories." The finding of the trial court, even if based on only one credible witness, will not be disturbed on review unless the evidence is so improbable as to raise a reasonable doubt of defendant's guilt. (*People v. Velez* (1984), 123 Ill. App. 3d 210, 215, 462 N.E.2d 746,

750; *People v. Mitchell* (1981), 98 Ill. App. 3d 398, 402, 424 N.E.2d 658, 661.) In this case, the trial judge's determination that Brisker did not act in self-defense is amply supported by the record and, accordingly, we will not overturn that finding. See *People v. Pelegri* (1968), 39 Ill. 2d 568, 574, 237 N.E.2d 453, 457.

■ Defendant further argues that the State did not produce all of the witnesses which it knew were present at the tavern on the night of the incident. Brisker argues that the absence of these witnesses must be construed against the State. (See *People v. Strong* (1961), 21 Ill. 2d 320, 172 N.E.2d 765.) However, the absence of the barmaid and two female tavern patrons whom defendant only knew by their first names in this case does not seem to give rise to a negative inference. First, defendant did not raise this issue either in the trial court or in his post-trial motion and, hence, it may be treated as waived. (See *People v. Neal* (1985), 111 Ill. 2d 180, 196, 489 N.E.2d 845, 851.) Second, even if this point is not treated as waived, the State is not obligated to produce every witness to a crime. (*People v. Smith* (1971), 3 Ill. App. 3d 64, 67, 278 N.E.2d 551, 553.) The defendant has not alleged that this is a case where the State failed to explain the absence of exculpatory witnesses or that he was prejudiced by the witnesses' absence. In fact, the record indicates that one of the female patron's legal name and address were unknown and that the other witnesses were not involved in the stabbing incident. (See *People v. Guido* (1962), 25 Ill. 2d 204, 209, 184 N.E.2d 858, 860-61.) We further find there is no evidence in the record that the trier of fact had insufficient evidence to make a determination as to the credibility of the defendant's testimony or his theory of self-defense. Under these circumstances, we hold that the failure of the State to produce all witnesses was not reversible error.

■ Finally, defendant argues that the trial court improperly convicted him of attempted murder as well as the lesser included offenses with which he was charged and, hence, this court must grant him a new sentencing hearing. (*People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48.) The defendant is correct in his assertion that he is subject to only one conviction for his single act against the victim. (*People v. Lilly* (1974), 56 Ill. 2d 493, 495, 309 N.E.2d 1, 2.) However, as the State notes in its brief, the trial judge only entered judgment on the single conviction for attempted murder and only sentenced him on that conviction. The statements which the trial judge made at the time of his findings that alluded to multiple convictions were cured by the entry of a judgment and sentence only on the greater offense, the attempted murder offense. Nevertheless, Brisker still contends that

his sentence was improper because the trial judge was influenced by the multiple convictions and the severity of harm to the victim. However, as stated above, the record does not show that the trial judge entered multiple convictions against the defendant and, in any event, the sentence imposed was within the permitted range. Since the trial court only entered judgment against the defendant on the attempted murder count and not on the aggravated battery count, it was proper for the sentence to reflect the degree of harm caused to the victim by the defendant's conduct of armed violence. See *People v. Saldivar* (1986), 113 Ill. 2d 256, 269, 497 N.E.2d 1138, 1144; *People v. Andrews* (1982), 105 Ill. App. 3d 1109, 1113, 435 N.E.2d 706, 708.

For all the foregoing reasons, we affirm the judgment of the circuit court of Cook County finding the defendant guilty of attempted murder and sentencing him to 10 years' imprisonment.

Judgment affirmed.

CAMPBELL, P.J., and MANNING, J., concur.