THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
BONNOLYN DURDEN, Defendant-Appellant.

First District (4th Division)   No. 1—90—1782

Opinion filed June 18, 1992.—Rehearing denied July 1, 1992.

Rita A. Fry, Public Defender, of Chicago (Evelyn G. Baniewicz, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Kenneth T. McCurry, and Frank Cece, Jr., Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a bench trial, defendant Bonnolyn Durden was found guilty of aggravated battery and armed violence and sentenced to six years in prison. On appeal, she contends that the State's evidence was insufficient to prove that she was unjustified in her use of force. She also maintains that the trial court improperly found her guilty of armed violence.

BACKGROUND

This case involves a shooting which took place during the evening of January 1, 1988, in defendant's apartment at 301 West Marquette in Chicago. Two persons were injured: Sonseray Weddington was shot in the back and her 18-month-old son was shot in the arm.

When Weddington arrived at defendant's apartment to pick up her son, defendant was sleeping in the bedroom with her grandchild. Defendant, who had consumed a considerable amount of alcohol and tranquilizers, was awakened when her roommate Vanessa Kelly came in screaming because her arm had been cut in a fight in the other room.

According to the victim, defendant ran from the bedroom yelling "who cut my baby?" referring to Kelly, then she returned to her bedroom to retrieve a semi-automatic pistol and an ammunition clip. Defendant appeared angry and accusatory and pointed the gun at several different persons before threatening the victim with death. She then fired a shot into the victim's back as the victim fled into the bedroom. The victim heard another round fired before she grabbed her son and lay on top of him to protect him. Defendant then grabbed the telephone cord from the wall and threatened the victim if she told anyone.

The Chicago police detective who interviewed defendant testified that defendant told him that the pistol discharged after she placed the ammunition clip in the gun and cocked it.

Three women testified on defendant's behalf. Latasha Hodges testified that Kelly was cut by a six-inch razor wielded by the victim during a fight with the victim's sister. On cross-examination Hodges testified that defendant loaded the clip into her gun and shot the victim in the back after failing to learn who cut Kelly.

Kelly testified that the victim cut her arm with a "box cutter" when she tried to stop a fight between the victim and the victim's sister. She then began yelling. Her cut required 33 stitches.

Yvonne Bonner confirmed Kelly's version of the cut on her arm and testified that defendant was drunk when she came out of the bedroom with a gun and told the others that no one could leave until she learned who injured Kelly. After Bonner fled she heard a shot. According to Bonner defendant called police.

Defendant testified that she was awakened by Kelly's screaming and frightened by her injury. She then tried to find out what happened. When no one could tell her, she found her gun and an ammunition clip. She put the clip in the gun but someone told her not to use it. As she unloaded the clip, the gun fired. She then went to check on the victim

and called police. Defendant denied pointing the gun at anyone, denied ever firing it previously and stated that she kept the gun for protection.

OPINION

■ Defendant first contends that the trial court erred in finding her guilty beyond a reasonable doubt of aggravated battery and armed violence based on aggravated battery because the evidence supports self-defense, the defense of others and accident. We disagree for the following reasons. When defendant introduces sufficient evidence of an affirmative defense, the prosecution has the burden of disproving the affirmative defense beyond a reasonable doubt as well as proving all the other elements of the crime. (*People v. Scott* (1989), 180 Ill. App. 3d 418, 535 N.E.2d 1113, *appeal denied* (1989), 126 Ill. 2d 565, 541 N.E.2d 1113.) For aggravated battery the prosecution is obligated to prove beyond a reasonable doubt that defendant in committing the battery intentionally or knowingly caused great bodily harm. (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(a).) For armed violence the prosecution must prove that defendant committed aggravated battery while armed with a dangerous weapon. (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2.) In finding defendant guilty of both crimes, the trial court did not comment on the sufficiency of defendant's affirmative defenses. In our view, however, there is little evidence to support any of the proposed defenses. Self-defense is not available here because defendant was not in danger, no force had been threatened against her nor was force necessary to avert harm. (*People v. Ellis* (1989), 187 Ill. App. 3d 295, 543 N.E.2d 196, *appeal denied* (1990), 131 Ill. 2d 562, 553 N.E.2d 398.) After defendant awoke and left the bedroom to find out why Kelly had been cut, she returned to her bedroom to get her gun. She had not been threatened and was not pursued, yet she placed the clip in her gun. It is irrelevant whether she pointed it toward the victim or whether she threatened the victim because none of the factors justifying self-defense were present. Neither shooting in retaliation nor revenge is permitted as self-defense. *People v. Tirrell* (1980), 87 Ill. App. 3d 511, 408 N.E.2d 1202.

The defense of others fails for similar reasons. Although Kelly was injured, she was not in any further danger. After her arm was cut, she ran into the bedroom. The victim, whom two witnesses identified as holding a sharp weapon during a fight, did not pursue her. Thus defendant's defense of others is baseless.

Finally, the trial court rejected defendant's claim of accidental firing. None of her witnesses gave this version, and it is clear that defendant retrieved her gun when the fight was over and actually placed the

clip in the gun. According to the victim, defendant appeared angry and threatening and pointed the gun at several persons.

When a challenge is made to the sufficiency of evidence, the relevant inquiry is whether, after viewing the evidence in light most favorable to the prosecution, a rational trier of fact could have found all the elements beyond a reasonable doubt. (*People v. Young* (1989), 128 Ill. 2d 1, 538 N.E.2d 461.) A criminal conviction will not be set aside unless the evidence is so improbable and unsatisfactory that it creates a reasonable doubt of defendant's guilt. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267, *cert. denied* (1985), 474 U.S. 935, 88 L. Ed. 2d 274, 106 S. Ct. 267.

■ Defendant next asserts that she was not properly convicted of armed violence, a Class X offense which carries a minimum six-year sentence, because attempted second degree murder was the proper charge. Defendant points to the trial court's comments on sentencing where the court commented that if it were not required by the Class X statute to impose a minimum sentence, a less stringent sentence would be more appropriate. Defendant also reargues the facts which support her conviction for aggravated battery. However, defendant argued on her motion for acquittal at the close of the State's case that she could not be found guilty of attempted first degree murder because she did not have specific intent to kill the victim. The trial court agreed and entered a judgment of acquittal on that count. Since attempted second degree murder also requires a finding of specific intent (*People v. Moore* (1990), 204 Ill. App. 3d 694, 698, 562 N.E.2d 215, *appeal denied* (1991), 136 Ill. 2d 550, 567 N.E.2d 338), defendant is precluded from relying on this argument as a reason to reduce her sentence. Because of this determination, we do not reach the issue of whether the crime of attempted second degree murder exists in Illinois. (See *People v. Reagan* (1983), 99 Ill. 2d 238, 240-41, 457 N.E.2d 1260; *People v. Williams* (1991), 220 Ill. App. 3d 460, 464-65, 581 N.E.2d 113.) Defendant was sentenced to the minimum under the armed violence statute, and we have not been asked to review the sentencing discretion of the trial court. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

Accordingly, the judgment of the circuit court is affirmed.

Judgment affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.