THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALONZO D. FLETCHER, Defendant-Appellant.

Fifth District No. 5—92—0432

Opinion filed December 30, 1993.

Daniel M. Kirwan and Dan W. Evers, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Knight, State's Attorney, of Greenville (Norbert J. Goetten, Robert J. Biderman, and Denise M. Ambrose, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Alonzo D. Fletcher, was found guilty after a jury trial of attempted first-degree murder and was sentenced by the circuit court of Bond County to 25 years' imprisonment. Defendant appeals claiming he was denied a fair trial as a result of the court's refusal to instruct the jury on the "lesser offense" of attempted second-degree murder. We affirm.

At trial, the evidence revealed that, on the afternoon of June 8, 1991, defendant shot the victim, Dana Wright, in the head. Defendant claimed he did so in self-defense. According to defendant, he and Wright had engaged in drug deals in the past. As a result of such deals, defendant believed Wright owed him $2,000. Wright did not agree. Defendant confronted Wright about the money at the house in which Wright was then residing. The two argued for awhile until defendant decided to walk outside and visit with other people who were socializing outside the residence. Defendant later reentered the house. It is at this point that the testimony of the various witnesses differs. Wright testified he stood up, with knife in hand, from the table at which he had been eating and cutting up "coke." He put the knife down on the table and stood about six feet from defendant. According to Wright, defendant pulled out a gun and "next thing you know I heard—I heard a shot, and I—I fell." Wright suffered a bullet wound to the mid-forehead with no exit wound. X rays of Wright's head later revealed bullet fragments throughout the brain at the cerebral mid-line area. Wright denied threatening defendant or making any threatening gestures to defendant.

Defendant, on the other hand, testified that when he went outside after arguing with Wright to visit with the other people present at the residence, he noticed a .22-caliber revolver lying on a box on the porch by the back door. When he decided to go back inside the residence, Wright opened the door while holding the knife he had been using to cut the cocaine. They argued again, and Wright stepped forward, in defendant's eyes, to stab him. Defendant jumped back and grabbed the revolver from the box outside. As Wright continued to come forward, defendant reached over and shot Wright. He then dropped the gun and ran into the woods. Defendant, several months later, surrendered to authorities in New Orleans.

Others present at the scene testified they observed defendant, after arguing with Wright, open the trunk of one of the cars parked outside the residence and obtain what appeared to be a revolver. According to these witnesses, defendant placed the gun in a brown bag after checking the chamber. Another witness testified to observing defendant walk back out of the house after arguing with Wright, reach up on the porch, grab a gun, and shoot back in the house. The jury returned a verdict of guilty of attempted first-degree murder.

Defendant argues he was denied a fair trial because the trial court refused to instruct the jury, at defendant's request, on the lesser offense of attempted second-degree murder based upon the unreasonable belief in the need of self-defense. The court, accepting the State's objection that there is no such offense as attempted second-degree murder, refused to give defendant's instruction. Defendant acknowledges he has failed to properly preserve the issue for review by failing to tender correct instructions on attempted second-degree murder and by failing to file a post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1129; *People v. Dixon* (1982), 105 Ill. App. 3d 340, 348, 434 N.E.2d 369, 376.) Nonetheless, defendant contends the issue should be reviewed under a plain error exception or because of ineffective assistance of counsel. While we agree defendant has waived the issue (see *People v. Holmes* (1993), 254 Ill. App. 3d 271, 276), we choose to address the matter anyway. In our opinion, the offense of attempted second-degree murder does not exist.

We recognize there is a split of authority among the appellate courts as to whether the offense of attempted second-degree murder exists under Illinois law. (Compare *People v. Cruz* (1993), 248 Ill. App. 3d 473, 618 N.E.2d 591, *appeal allowed* (1993), 152 Ill. 2d 566, *People v. Aliwoli* (1992), 238 Ill. App. 3d 602, 606 N.E.2d 347, and *People v. Williams* (1991), 220 Ill. App. 3d 460, 581 N.E.2d 113, with

*People v. Turcios* (1992), 228 Ill. App. 3d 583, 593 N.E.2d 907, *People v. Austin* (1991), 215 Ill. App. 3d 323, 574 N.E.2d 1297, and *People v. Moore* (1990), 204 Ill. App. 3d 694, 562 N.E.2d 215.) We believe those cases which hold that no such offense exists are better reasoned, and we therefore choose to follow them.

We too begin our analysis with a comparison of the voluntary manslaughter statute repealed in 1987 (Ill. Rev. Stat. 1985, ch. 38, par. 9—2) and the second-degree murder statute enacted in 1987 (Ill. Rev. Stat. 1987, ch. 38, par. 9—2). The primary difference between the two is that voluntary manslaughter required the State to prove the mitigating factor beyond a reasonable doubt while second-degree murder requires the defendant to prove the mitigating factor by a preponderance of the evidence. (See *People v. Shumpert* (1989), 126 Ill. 2d 344, 351-52, 533 N.E.2d 1106, 1109; *Williams*, 220 Ill. App. 3d at 465, 581 N.E.2d at 116.) Other than the name, the only real change was a shifting of the burden of proof of the mitigating factors from the State to the defendant. (See *Aliwoli*, 238 Ill. App. 3d at 621, 606 N.E.2d at 360.) We believe the statute defining second-degree murder was written with the specific intention of retaining all of the substantive law, both statutory and case law, previously applicable to the statute defining the offense of voluntary manslaughter. *People v. Timberson* (1991), 213 Ill. App. 3d 1037, 1042, 573 N.E.2d 374, 377; see also *Cruz*, 248 Ill. App. 3d at 477, 618 N.E.2d at 595. Contra *People v. Austin* (1991), 215 Ill. App. 3d 323, 574 N.E.2d 1297; *People v. Moore* (1990), 204 Ill. App. 3d 694, 562 N.E.2d 215.

Before the 1987 enactment, the crime of attempted voluntary manslaughter did not exist. (See *Aliwoli*, 238 Ill. App. 3d at 621, 606 N.E.2d at 360; *Williams*, 220 Ill. App. 3d at 464, 581 N.E.2d at 116.) In *People v. Reagan* (1983), 99 Ill. 2d 238, 457 N.E.2d 1260, our supreme court held that attempted murder required proof that the defendant intended to kill without lawful justification. (*Reagan*, 99 Ill. 2d at 240, 457 N.E.2d at 1261.) Attempted voluntary manslaughter, however, would require the defendant to specifically intend to kill with an unreasonable belief in the need to use deadly force in self-defense. (*Reagan*, 99 Ill. 2d at 240, 457 N.E.2d at 1261.) Because it is impossible to intend an unreasonable belief, attempted voluntary manslaughter based on imperfect self-defense could not exist. (*Reagan*, 99 Ill. 2d at 240, 457 N.E.2d at 1262.) Given that there was no change in the substantive law, attempted second-degree murder based on an imperfect self-defense also cannot exist. (See *Williams*, 220 Ill. App. 3d at 464-65, 581 N.E.2d at 116.) As stated in *Reagan*: "If *** defendant at the time of the shooting believed the circumstances to be such that

if they existed would justify the killing, then there was no intent to commit an offense." (*Reagan*, 99 Ill. 2d at 240, 457 N.E.2d at 1261; see also *Cruz*, 248 Ill. App. 3d at 476, 618 N.E.2d at 595.) Consequently, as the offense of attempted second-degree murder does not exist, there was no error in the court's refusal to tender a jury instruction defining such a "noncrime." (See *People v. Lopez* (1993), 245 Ill. App. 3d 41, 44, 614 N.E.2d 329, 332, *appeal allowed* (1993), 152 Ill. 2d 571.) Whether or not defendant preserved the issue for review, we find no error. And, because the evidence is not so improbable or unsatisfactory as to create a reasonable doubt of defendant's guilt (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276), we affirm.

For the aforementioned reasons, we affirm the judgment of the circuit court of Bond County.

Affirmed.

LEWIS, P.J., and GOLDENHERSH, J., concur.